## JOHNSTON *vs.* HICKEY.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, THE JUDGE OF THE FOURTH PRESIDING.

A motion to dissolve, assumes the facts stated as true, and if these facts present a just ground for the injunction, it ought to be sustained.

Notwithstanding the implied admission of the truth of the allegations contained in the demand for an injunction, the plaintiff in execution may put the defendant on proof of them.

The facts are stated in the opinion of the court, delivered by PORTER, J.

This action commenced by a petition praying for an injunction. Several grounds are alleged as authorizing the writ. Among others, the existence of mortgages on the property

EASTERN DIS.
*August*, 1832.

JOHNSTON
*vs.*
HICKEY.

which formed the consideration of the debt: a diminution of one-twentieth in the quantity purchased, and a debt due by the defendant to the plaintiff of two thousand four hundred and sixty-one dollars and fifteen cents.

A motion was made in the court of the first instance, to dissolve the injunction on the ground that the matters set out in the petition, did not justify the suspension of the writ of execution. The court on a hearing of the cause sustained the application and dissolved the injunction. The plaintiff appealed.

The cause has been conducted as if the demand for injunction was a distinct suit from that in which execution issued. Though it has assumed that form in this instance, it cannot be legally viewed in any other light but as an opposition in the *via executiva.*

But whether the proceedings be considered as the commencement of a new suit, or as making a part of, and belonging to, the action in which the executory process issued, the result must be the same. A motion to dissolve, assumes the facts stated as true, and if these facts presented a just ground for the injunction, it should have been sustained.

Considering the case in this aspect, there is no doubt the injunction should not have been dissolved. As already noticed, the petition contains an averment that a debt is due to the defendant in execution by the plaintiff. This, if true, and for the decision of the motion to dissolve it must be taken to be so, compensated the demand of the plaintiff, and by the act of 1826, it is specially provided that compensation may form the ground of an injunction.

We had doubts whether after the implied admission of the truth of the allegations contained in the demand for an injunction, the plaintiff in execution could put the defendant on the proof of them. But we believe the practice has been that he may do so, and we apprehend that practice to be founded on principles of utility and promotes the ends of justice.

*A motion to dissolve, assumes the facts stated as true, and if these facts present a just ground for the injunction, it ought to be sustained.*

*Notwithstanding the implied admission of the truth of the allegations contained in the demand for an injunction, the plaintiff in execution may put the defendant on proof of them.*

EASTERN DIS.
*August, 1832.*

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be annulled, avoided, and reversed; and it is further ordered, that this cause be remanded to the District Court, to be proceeded in according to law, the appellee paying the cost of this appeal.