### FISK *vs.* HART ET AL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF IBERVILLE, THE JUDGE THEREOF PRESIDING.

On a motion to dissolve an injunction on its face, the facts stated in the petition are to be taken as true.

Where a suspensive appeal is taken and dismissed, its effect is gone. The second appeal taken within the year does not suspend the operations

of the judgment appealed from. Such suspension can only follow an appeal taken within ten days after notification of judgment.

Damages will not be awarded if an injunction be wrongfully sued out as to a part of the demand, and sustained as to a part. In case of partial success, the plaintiff in injunction should not be visited with the same penalty as if he had been wholly in the wrong.

This is a case of injunction. Martha Hart obtained judgment against A. Fisk, for six thousand eight hundred and ninety-four dollars, with interest and mortgage on a plantation and slaves, then in his possession. Fisk took a suspensive appeal to the Supreme Court, and gave bond and security in the sum of twenty thousand dollars. At the February term, 1837, of the court, the appeal was dismissed for irregularity in the order of appeal. See 10 *Louisiana Reports,* 184.

A second appeal was taken by Fisk, but in the mean time, after the dismissal of the first one, Mrs. Hart took out an execution, and caused to be seized the plantation and slaves mentioned in the judgment and mortgage, together with six other slaves, not included therein.

Fisk applied for, and obtained the present injunction, enjoining and restricting Mrs. Hart and the sheriff from proceeding with the sale of the property seized, until a final determination of the appeal ; and he prays that they be condemned to pay five hundred dollars in damages, and all costs.

The defendant in injunction, by her counsel, moved to dissolve it, on the ground that there was no legal ground stated in the petition to entitle the petitioner to an injunction.

The defendant prays also that the injunction be dissolved, as wrongfully sued out, and that the principal and surety therein be adjudged to pay twenty per cent. damages on the amount of the judgment, (principal and interest) and five hundred dollars, special damages for attorneys' fees, etc., together with such interest as the law allows.

The district judge perpetuated the injunction for the six slaves seized, and not mentioned in the judgment on which

the execution issued, and dissolved it as to the remainder, with *ten per cent.* *damages*, on the amount of the judgment, and two hundred dollars special damages for expenses of counsel in defending the suit.

From this judgment the plaintiff in injunction appealed.

*Lobdell* and *Watts*, for the plaintiff, contended, that no execution should have been issued, as the first appeal was a suspensive one, and bond given for the full amount required by law, which is still valid, and remains in full force until a final or definitive judgment is pronounced in the case. The dismissal of the appeal only operated as a *non-suit*, and not against the right to bring it up again on a second application. All the original rights of the appellant were preserved on the second appeal. *Code of Practice, articles* 400, 575 to 594, 618, 620, 803, 893, 899, 901, 905, 910 and 911. 1 *Martin, N. S.*, 165. 4 *Ibid.* 352.

2. No damages ought to have been given. The appellant succeeded in having six of the slaves seized, released; and judgment, even on this ground, should have been given in his favor, with costs, and without damages as to any part of the demand. 2 *Martin, N. S.* 217, 628. 4 *Ibid.* 533. 4 *Louisiana Reports*, 18, 67, 524. 6 *Ibid.* 306, 523 and 640. 8 *Ibid.* 71 and 205.

*Stacy* and *Ives, contra.*

*Bullard, J.*, delivered the opinion of the court.

The plaintiff is appellant from a judgment, dissolving in part, an injunction sued out by him, and condemning him to pay interest and damages.

The injunction was granted under the following circumstances : Martha Hart having recovered a judgment against the present appellant, by which a plantation and certain slaves were ordered to be sold ; the latter took a suspensive appeal which was afterwards dismissed by the Supreme Court, on the ground, that it was not made returnable at the proper term of the court. See *Louisiana Reports*, 481.

61

EASTERN DIST. A second appeal was afterwards allowed, which is yet pend-
Jan. 1838. ing, but the judge refused to take a sufficient bond to autho-
FISK rize a stay of execution, which accordingly issued on the
vs. original judgment notwithstanding the second appeal. The
HART ET AL. injunction in question, was issued on the allegation of the
above facts; and further, that six other slaves not mentioned
in the judgment had been seized by the sheriff.

On a motion    On a motion to dissolve the injunction, the judge very
to dissolve an
injunction on its properly considering that the facts stated in the petition must
face, the facts be taken as true, and that six slaves, not ordered to be sold,
stated in the pe-
tition are to be had been seized under the writ, perpetuated the injunction
taken as true. as to them, and dissolved it as relates to the others, and con-
demned the plaintiff in the injunction to pay damages, under
the statute of 1831.

The appellant has made two points before this court : 1st.
That the original bond given in the appeal within ten days
after the rendition of the judgment, remained in force until
there should be a final or definitive judgment on the appeal,
and that its dismissal on technical grounds only, operated as
a non-suit, and not against bringing up the appeal on a
second application, and that all the original rights of the
appellant are secured by the second appeal ; and 2d. That
no damages ought to have been given, inasmuch as the
appellant succeeded in having the injunction perpetuated, as
to a part of the slaves seized.

I. Under the first point it has been urged, that the
Where a sus- appellant presents a case of strong equity ; that he did all in
pensive appeal is
taken and dis- his power to bring his appeal regularly before the appellate
missed, its effect court ; that the point of practice settled in his case, was a
is gone. The
second appeal new one ; and that he has a legal right to an appeal, which
taken within the
year does not ought not to be defeated by errors or inadvertencies of others
suspend the ope- without his fault. It is true the party has a right of appeal,
rations of the
judgment ap- which, by a construction lately given to the Code of Practice
pealed from.
Such a suspen- by this court, has not been lost by the dismissal of his first
sion can only appeal, on the motion of his adversary. But it is equally
follow an appeal
taken within ten true, that an appeal does not necessarily imply a suspension
days after noti-
fication of judg- of the effects of the judgment first rendered. Such suspen-
ment. sion can only follow an appeal taken within ten days after

notice of judgment, and upon giving bond with surety according to law.

EASTERN DIST. Jan. 1838.

FISK
vs.
HART ET AL.

The equity on the side of the judgment creditor is equally strong. He has a judgment in his favor which he has a legal right to enforce, unless a suspensive appeal be taken in the form, and upon the conditions required by law. We cannot yield our assent to the proposition, that the judgment of this court, dismissing the first appeal, is not final in that case, although the original judgment may be still open to revision upon its merits, on the appeal now pending, but it is certainly not the same appeal; nor would the appellant have been entitled to stay the execution, even if the judge had accepted a new bond for the amount offered, because the ten days had already expired. While we are disposed to give to the right of appeal all the latitude of which it is susceptible under the constitution and laws, we think ourselves bound to require a compliance with the forms and conditions, which, by law, regulate that right.

II. The act of 1831, under which the appellant was adjudged to pay damages and interest, has always received from this court a rigorous construction. It authorizes the court to pronounce judgment in the same case against the principal and surety on the bond, in case the injunction is dissolved. But it makes no provision by graduating the penalty for a case like the present, in which the injunction was partially maintained. By proceeding in an illegal manner to execute the judgment, the defendant rendered the interference of the court proper and just. Where the plaintiff in ordinary cases succeeds as to a part of his demand, he is entitled to costs; and we can see no good reason why, in a case of injunction, in the event of partial success, he should be visited with the same penalty as if he had been wholly in the wrong, nor can we suppose the legislature so intended.

*Damages will not be awarded if an injunction be wrongfully sued out as to a part of the demand, and sustained as to a part. In case of partial success, the plaintiff in injunction should not be visited with the same penalty as if he had been wholly in the wrong.*

The judgment of the District Court, is therefore, reversed; and ours is, that the injunction be maintained as to the six slaves not named in the judgment, and that it be dissolved as to the balance of the slaves seized, and that the defendant pay the costs of both courts.