## WILLIAM ENDERS and others v. THE STEAMER HENRY CLAY, MASTER and OWNERS.

The owners of a steamer are liable for any injury to others, resulting from the fault of those charged with the navigation of the steamer.

· It is to late, after an appearance and answer by the defendants and a trial on the merits, to move to set aside an attachment.

Where in an action commenced by attachment against a steamer, its captain and owners, the names of the owners are not set forth in the petition, but defendants answer to the merits without pleading any exception, and, on judgment being rendered against them personally, execute an appeal bond disclosing their names, no objection can be made to the irregularity of a judgment *in personam* against them, on the ground· of the omission to set out the names of the owners.

Enders and others v. Steamer Henry Clay and Owners.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Anderson*, for the plaintiffs. A motion to dissolve an attachment is too late, after a trial on the merits. 7 Mart. 398. Defendants having pleaded to the merits, plaintiffs are entitled to a judgment *in personam*, though the attachment be dissolved. That there was an appearance is proved by the bonding of the property. Code of Pract. art. 259. 7 La. 390. Besides there was an answer by counsel. A plea and trial on the merits cures any want of citation. Code of Pract. art. 333. 4 La. 482.

*Chinn*, for the appellants.

BULLARD, J. This is an action brought by the owners of the steamboat Walk-in-the-Water, against the captain and owners of the steamboat Henry Clay, to recover damages sustained in consequence of a collision, alleged to have been caused by the fault of the latter. They recovered a judgment for $1400, and the defendants have appealed.

The collision took place a short distance above the confluence of the Ohio and the Mississippi, in the former, near the left bank, where there is a slight curve in the stream, and not far above Cairo. The Walk-in-the-Water was ascending, had stopped at Cairo, and then started again, and crossed over the river into a part where the stream is shallow at low water. The Henry Clay was descending the river, and ran into the Walk-in-the-Water, striking her about amid-ships, and doing considerable damage. At the moment of the collision, which took place about 3 o'clock in the morning, and on a star-light night, though the wind was blowing fresh, the Walk-in-the-Water was near the bank, and could not have run much nearer with safety. The river is about a mile wide at that place. The ascending boat was standing in still nearer the bank to avoid the accident, the alarm-bell was rung, the engine stopped, and she was backing. She was in the position where an ascending boat usually is, hugging the bank under the point, to take advantage of eddies and a slack current. On the other hand, the evidence shows that the Henry Clay was far from being in the middle of the stream, as descending boats usually are, to take advantage of the strongest current;

Enders and others v. Steamer Henry Clay and Owners.

that the pilot at the wheel saw the Walk-in-the-Water at the distance of two miles and a half, when she was crossing over the river ; that the collision took place about a hundred yards from the bank ; and that she was moving diagonally up, approaching the bank. It appears to us quite obvious, that the Henry Clay might have avoided the accident by keeping out further in the eam, instead of persisting to keep in the track of ascending boats. It is not shown that the course of the boat was changed, although the pilot saw in what direction the Walk-in-the-Water was running, and might have avoided the collision by a slight change in the direction of the Henry Clay. This fact appears to us decisive of the controversy, notwithstanding the usual contrariety of statements on the part of witnesses on different sides ; and we conclude, with the court below, that the defendants are liable. The defendants appeared by counsel and filed an answer. It was, therefore, of little importance whether the attachment, which was taken with a view to bring in the defendants, was maintained or not ; and it was too late, in our opinion, after a trial on the merits, to move to set it aside. The defendants had already bonded the property attached, and given the security required by art. 259 of the Code of Practice.

Besides an argument upon the merits contained in the brief of the defendant's counsel, he contends that the proceedings *in personam*, against the steamer Henry Clay, master and owners, is irregular, the names of the owners not being set forth. To this it is a sufficient answer to say, that an answer to the merits was filed without any exception being first pleaded, and that the record contains a bond in which the names of the owners are sufficiently disclosed.

*Judgment affirmed.*