WM. P. EALER *v.* McALLISTER & Co.—GEORGE G. EALER *v.* same.

A valid attachment of an accepted draft filed in a suit may be made, by citing as garnishee the Clerk of the court in whose custody the draft is, and proving by his answers to interrogatories his possession of the draft.

It is too late after an answer to the merits, to move to set aside an attachment, on the ground of the insufficiency of the attachment bond, when it is not alleged that the surety had become insolvent since signing the bond.

14 821<br>
105 136<br>
14 821<br>
110 1082<br>
14 821<br>
117 934<br>
14 821<br>
124 803

APPEAL from the Third District Court of New Orleans, *Duvigneaud,* J. *Lea & Marr,* for plaintiff. *L. E. Simonds,* for defendant and appellant.

BUCHANAN, J. The first of these suits (which are submitted together) is upon

EALER
*v.*
McALLISTER.

defendant's acceptance of a draft in favor of *L. L. Ealer*, and endorsed in blank by the payee.

The defendant admits the signature of the acceptance, but pleads specially that he has been served with garnishment process under a *fieri facias* issued by a court in St. Louis, Missouri, (where both parties reside,) upon a judgment obtained against one *Henry A. Ealer*, who is the real holder and owner of the accepted draft sued on ; and that defendant is in danger of having to pay the said acceptance twice.

If this be so, the defendant is entitled to the protection of the court.

The evidence shows, that a writ of *fieri facias* issued on the 5th of November, 1857, (one month and nineteen days before the institution of this suit,) to the Sheriff of the county of St. Louis, Missouri, from the St. Louis Court of Common Pleas, upon a judgment recovered by *Thomas H. Jones* against *Henry A. Ealer* and *Miles T. Redman*. The execution was returnable the second Monday of March, 1858, which, it seems, was the next ensuing term of the court from which it issued. On the same day that the writ issued, a summons was served by the Sheriff of St. Louis on the present defendants, commanding them to appear in court at the return term of the writ, and answer on oath such interrogatories as might be exhibited on the part of the plaintiff in execution, " touching the indebtedness of the said defendants."

There is no proof that any interrogatories were ever exhibited—which it seems must be done, according to the statute of Missouri, ·within three days following the commencement of the return term of the writ, in order to fix the garnishee. A case of attachment of this debt in Missouri, is therefore not made out. But a record has been offered in evidence, without objection, (No. 12,427 of the docket of the Fourth District Court of New Orleans,) which show that, subsequently to the institution of this suit, but before the trial in the court below, an attachment suit was instituted by *Thomas H. Jones* against *Henry A. Ealer* in a court of Louisiana, in which suit the accepted draft, annexed to the petition in this case, was attached as the property of another person than the present plaintiff by garnishment process, and interrogatories served upon the Clerk of court, in whose custody the said draft is.

The answers of the Clerk to interrogatories acknowledge the possession of the draft.

It is urged that this proceeding is inoperative as a seizure ; and plaintiff's counsel has referred us to the cases of *Woodworth* v. *Limmerman*, 9 An. 525, *Price* v. *Emerson*, 7 An. 237, and *Stockton* v. *Downey*, 6 An. 584.

In the case of *Woodworth* v. *Limmerman* there was neither actual detention of the evidence of debt by the Sheriff, nor a citation in garnishment. The court says, " Without an actual seizure, or a citation in garnishment, there can be no attachment. Service of a mere notice on the Clerk, who is the legal custodian of the records of his court, or even on the debtor against whom a suit is pending, is no more effective than publication in a newspaper would be. It is not a mode of attaching property pointed out by law."

The difference between that case and the present is, that here a regular garnishment process by citation, with interrogatories annexed, was served on the Clerk of the court ; which *is* a mode of attaching property by the law of Louisiana. C. P. 246, 247.

The case of *Price* v. *Emerson* is more similar to the present one, and is even a useful precedent, as far as it goes, for the protection which our decree will extend

to the defendants. In that case, an attempt was made by a Sheriff to obtain the actual possession and detention, by levy under execution, of notes filed in court by another party than the defendant in execution. The court decided that this could not be done, by reason of the confusion which would result from the summary seizure and removal of evidences of debt, which had been filed by litigants in courts of justice, for the purpose of enabling them to prosecute their rights. But the court went on to declare, that the plaintiff in execution was not without rights acquired under the proceeding had in that case. "It is true," says the court, "that possession is of the essence of a seizure, and it has been frequently held that no valid seizure of tangible property can be made, without taking it into possession; but in the absence of express law, it might be within the power of the court, in virtue of the equity powers conferred by Article 21 of the Civil Code, to recognize the proceedings as conferring inchoate rights to be established and matured upon proofs made under proceedings had by intervention or otherwise." And the decree was, that the Sheriff's rule be dismissed, *without prejudice to the rights of the creditors in the execution; and that the Clerk of the court do retain the notes, subject to the further order of the court in the premises.* Note, that the creditors in execution were not parties before the court in *Price* v. *Emerson;* yet the court considered it to be within its equitable powers to protect their interest, by allowing them to make themselves parties subsequently, and by restraining the Clerk from parting with possession of the notes in his custody.

In the present case, *Jones,* the plaintiff, in the attachment suit in the Fourth District Court, made an appearance in the court below upon an application for a new trial, by express permission of the court.

The case of *Stockton* v. *Downey* contains nothing beyond what is said in the other two cases reviewed, that requires particular notice.

Defendants, after answering to the merits, took a rule to set aside the attachment, on the ground of insufficiency of the surety on the attachment bond. The court dismissed this rule, on the application of plaintiff, as taken too late. We find no error in this ruling. It is not alleged that the surety had become insolvent since the bond signed.

The remarks above made are applicable to the second of the suits now submitted, which is instituted upon a receipt or certificate of deposit; and in which the same defences are set up.

There is error in the interest allowed by the court below, which should be five per cent. instead of six. There is no proof of the rate of interest in Missouri being different from our own.

It is, therefore, adjudged and decreed, that the judgments of the court below in the two cases of *William P. Ealer* v. *McAllister & Co.* and *George G. Ealer* v. *McAllister & Co.* be amended, by reducing the rate of interest allowed by said judgments from six per cent. to five per cent; that in other respects the said judgments be affirmed; and it is further decreed, that the Sheriff of the parish of Orleans hold the moneys made under the present judgments, subject to the decision of the Fourth District Court of New Orleans upon the attachment levied in the suit of *Thomas H. Jones* v. *Henry A. Ealer,* No. 12,427 of the docket of said court; and lastly, that the costs of these appeals be paid by plaintiffs and appellees.

MERRICK, C. J., concurring. The mode of seizing rights and credits under an attachment or *fi. fa.,* has of late years occasioned great difficulty and difference of opinion. In regard to promissory notes and bills of exchange, this court

regarding them as things, and making no distinction between the debt, and evidence of debt, has required their actual seizure whenever practicable.

But it seems to me, that when a promissory note or bill of exchange has been put in suit and annexed to the petition, or has been offered in evidence, it not only loses its commercial character, but its very identity, and is incorporated into the record of which it forms an essential part.

It is no longer private property as a bill of exchange or promissory note. The debt of which it is the evidence, exists in favor of the holder, but the note or bill has become a portion of the records, and is under the control of the public authorities, who, while they have the custody of the same, have no interest or ownership therein.

The object of the garnishment is to compel the debtor of money or property to admit his indebtedness, in order that it may be applied to extinguish the debt of his creditor.  C. P. 246.

He is to answer as to the money he owes, or the property he has *in his possession*.  C. P. 247.

Now, as the Clerk is but the simple custodian of the papers filed in a cause ; as he has no control over them ; as he cannot sell them, pledge them, use them in any way, or even suffer them to be taken from the files, without an order of the Judge, he has, in no legal sense, the *possession* of them.  They are in the possession of the law, *in gremio legis*.  How then can the garnishment be successfully addressed to the Clerk ?  Suppose, as in this case, the Clerk answers that the notes are on file in his office, can the court order the Sheriff to sell them as personal property ?  It may be the defendant in the action will have something to say.  He may have formed his reconventional demand, or have some other reason to urge why the notes should not be taken from the files.  Suppose the attachment issues from some other court, can the Judge of that other court order him to deliver documents, filed in his own court, to the Sheriff, to be sold ?

If interrogatories are to be propounded to any of the officers of court, they ought to be propounded to the Judge, who alone has the most power over it, and who may authorize a paper (in a proper case) to be taken from the files— but this would be absurd.  I have always thought, that when commercial paper is once put in suit and filed, the debt loses its negotiable character, and the process of garnishment ought to issue against the defendant in such suit, and not against the Clerk or any other officer of court.  The defendant is the debtor and not the Clerk, and the proceeding against the debtor directly, avoids circuity, and leads to a direct judgment at once, which cannot be accomplished in the circuitous proceeding against the Clerk.  See 5 La. 486.

I think, therefore, that *Jones* acquired no rights by his garnishment of the Clerk, but as he *may* possibly have acquired some rights under his Missouri seizure, I concur in the decree which protects his right.  See 2 Kent's Com. 119.