## SARAH ANN RAIFORD *v.* R. H. THORN & Co.

When a judgment obtained by the wife against the husband for a separation of property, s attacked by the creditors of the latter, proof that the husband had received money after the marriage, belonging to his wife, is admissible, to show that the judgment was not rendered on the consent or admission of the husband.

The judgment of separation of property is valid, although the wife fails to prove, when attacked by creditors of the husband, that he was indebted to her in the full amount for which she obtained judgment against him. The creditor can only then contest the amount of her judgment.

A judgment of separation of property between husband and wife, is not rendered null and void for want of publication.

Where the wife's execution against the husband was credited with the price of personal property of the husband—*Held:* That it was equivalent to a sale under the writ.

When the plaintiff in injunction partially succeeds, and the equitable remedy of injunction has not been palpably abused, damages will not be allowed under the statute.

APPEAL from the District Court of the Parish of Pointe Coupée.
*E. Phillips,* for plaintiff. *T. J. & W. H. Cooley,* for defendants and appellants.

LAND, J. The plaintiff enjoined the sale of certain household furniture, and a pair of carriage horses, seized at the suit of the defendants, judgment creditors of her husband, on the alleged grounds of her separate ownership of the property seized.

The plaintiff had been separated in property from her husband, and had recovered against him a judgment for the sum of seventeen thousand nine hundred dollars, the amount of her paraphernal property received by him, and converted to his own use. A writ of *fieri facias* had issued on the judgment and been executed, by the seizure and sale of the plantation and slaves belonging to her husband, but, in consequence of the vendor's privilege and superior mortgages on the property sold, her execution was only credited with the sum of five hundred dollars.

By an act of sale under private signature, executed by the husband to the plaintiff, prior to the seizure in this case, he sold to her the furniture in question, for the price of eight hundred dollars, which he acknowledged to have received, *by crediting the same on the judgment* obtained by the plaintiff against him, *in*

11

*the suit for separation of property.* And the credit of eight hundred dollars was accordingly entered on the execution, by the plaintiff's attorneys, on the 30th of October, 1858, the day on which the seizure was made in this case, and prior to the same.

Sometime after the judgment of separation of property, the plaintiff purchased from one *Graham,* the carriage horses, and gave to him her draft for the price.

The defendants specially deny the plaintiff's ownership of the horses, and aver that they were the property of her husband, and that the sale of them through *Graham* to her, was fraudulent and simulated, and that her husband was never divested of title. They further aver, that the judgment of separation of property was fraudulent and intended merely to secure the property of the husband from the pursuit of his creditors; and that the judgment was null and void, because it was a *consent decree,* and was never published and executed, as the law requires. And they further specially deny the plaintiff's ownership of the furniture seized.

The evidence introduced on the trial in this case, satisfies us, that in the suit for separation of property, the plaintiff had a real and just demand against her husband, and that his embarrassed circumstances warranted the decree in her favor, dissolving the community of acquets and gains. It establishes, that the plaintiff, prior to her marriage, was in very good circumstances, and had in her possession and service, as owner, some twenty or twenty-five slaves.

The testimony on which the judgment of separation of property was rendered, was also offered in evidence on the trial of this case, and appears to have been amply sufficient to sustain the judgment against the husband, for the sum of seventeen thousand nine hundred dollars. The plaintiff proved, in that case, that her husband received, after the marriage, a large sum of money belonging to her, the proceeds of property previously sold. This testimony, in our opinion, was admissible, for the purpose of showing that the judgment of separation of property had been *rendered on sufficient evidence,* and not on the consent or admissions of the defendant, as alleged in the answer in this case. The plaintiff having shown in this suit, that her judgment of separation of property was founded on a real demand, it must have its legal effect. A judgment of this character may be valid, although the wife fail to prove, when her judgment is attacked by creditors, that her husband was indebted to her in the sum for which she obtained a decree against him. The validity of her judgment, depends not on the amount of her husband's indebtedness to her, but on the existence and proof of other facts, and if they are established, and the validity of her judgment is thereby shown, the only matter which can be contested by the creditors, is the amount for which she has judgment against her husband.

In the case at bar, the facts which entitled plaintiff to a judgment of separation of property against her husband, are all proved, and the only question of doubt on the testimony adduced in this case, (leaving out of view the evidence offered in the suit for separation of property,) is in relation to the amount for which she has judgment against her husband.

The evidence shows, that before, and at the time of her marriage, she possessed a valuable estate, consisting of some twenty or twenty-five working hands; that her husband was greatly embarrassed in his affairs, if not wholly insolvent, and that of the slaves which she possessed, very few of them were remaining as her property. These facts are very strong corroborating circumstances in support of the fairness and verity of her judgment against her husband, and are suffi-

cient, at least, to justify the conclusion, that he was indebted to her in the full amount received on her execution, to say nothing of any greater sum.

This judgment was not a consent decree. The answer was a general denial, and the judgment was rendered on proof of the allegations contained in the petition, and it, therefore, cannot be declared null and void on that ground.

It does not appear that the judgment was published as required by Article 2403 of the Civil Code—but it has been held, that a want of publication does not render the judgment null and void. *Turnbull* v. *Davis*, 1 N. S. 568.

It is not pretended that the furniture was sold to the plaintiff for less than its value; and in our opinion, crediting the price on the execution issued on the plaintiff's judgment, was equivalent to a sale under the writ, and vested the title in her, before the defendants acquired any right on the furniture, by virtue of their seizure.

The carriage horses were the property of the husband, at the time the plaintiff purchased them from *Graham*, and it does not appear that the draft which she gave for the price, was ever paid on her account.

The judgment of the lower court perpetuated the injunction as to the furniture, and dissolved it as to the carriage horses seized under the execution of the defendants, and refused to allow them damages on their reconventional demand, under the statute.

Where the plaintiff partially succeeds in an injunction suit, and the equitable remedy of the writ has not been palpably abused, damages are seldom allowed under the statute.

There is nothing to show that the plaintiff had any knowledge of the simulated sale, by which the horses passed into the possession of *Graham*, nor to impeach her good faith in making the purchase from him.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.