No. 13,966.

VICKSBURG, SHREVEPORT AND PACIFIC RAILROAD COMPANY, J. H. McCOR-MACK, RECEIVER, VS. W. N. TRAYLOR, SHERIFF, ET AL.

SYLLABUS.

Where it does not appear that petitioner in injunction availed himself of a writ of injunction improperly, in order to obtain delay and to harrass the one enjoined, and in addition where plaintiff in injunction succeeded in part in sustaining his injunction, although dissolved as to part, he will not be held liable in damages.

APPEAL from the Seventh Judicial District Court, Parish of Richland—*Ellis, J.*

*Stubbs & Russell* for Plaintiff, Appellee.

*Jonathan N. Luce* for New Orleans & Northwestern Railway Co., Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. The New Orleans and Northwestern Railroad Company, one of the defendants, appeals from a judgment of the District Court rejecting its demand for damages.

The facts are that in a prior suit the Vicksburg, Shreveport and Pacific Railroad Company, sued out an injunction restraining Traylor, sheriff of the Parish of Richland, from collecting any amount over and above the amount it had tendered in payment of its taxes. R. R. Co. vs. Scott, 52 Ann. 512. The New Orleans and Northwestern Railroad joined issue with the plaintiff in injunction, and claimed damages. It asked for judgment dissolving the injunction and for damages.

The injunction was dissolved, and, as before stated, all the demands of the defendant in injunction were rejected. On appeal, this court modified the judgment and sustained the injunction in part and dis-

Railroad Company et al. vs. Sheriff et al.

solved it in another part, that is, sustained the injunction as to the penalty of two per cent. claimed and dissolved it as to the five per cent. interest claimed on the amount due.

This court found in this suit that defendant's reconvention contained two demands, one for interest and attorney's fee resulting from the first injunction, and the second for interest, attorney's fee, and other claims growing out of the last injunction. The court said that a question had been raised as to whether these demands having been rejected by the District Court, and the defendant not having appealed, were before the court through a prayer for the amendment of the judgment from which an appeal had been taken only by plaintiff in injunction.

The court said that the claim for damages growing out of the second injunction was identical and directly connected with plaintiff's proceedings, and, in consequence, fell within the rule laid down in Lange vs. Baranco, 32 Ann. 697. The court, although holding that the claims for damages arising in the second injunction were properly brought up on appeal, did not specially reject or allow the claim for those damages. Not having been allowed, although claimed, the one inference is that it was not the intention to allow damages, particularly in view of the fact that all other issues were passed upon and the sheriff was directed to proceed with the collection of taxes indicated and no motion was made for damages. If it had been the intention to allow damages, the court would have directed the sheriff to collect an amount to pay them. We have noted that the court decided that the "damage as resulting from the second injunction is incidental to, and directly connected with, plaintiff's petition," *vide* case cited *supra*.

But we have not stopped here, although we might have rested our conclusion without further discussion.

As relates to the damages we had originally considered, though not announced in express words (and we reiterate our views upon the subject), that plaintiff in injunction having succeeded in sustaining his injunction could not, in law, be held liable for the damages claimed. Of course, if at all abused, the writ of injunction should be dissolved with damages.

This court held, in Barrow vs. Robichaux, 15 Ann. 70, that when sued out to enjoin the execution of an entire judgment, on the ground that the defendant is indebted to plaintiff in a sum being in an insignificant proportion to the amount of the judgment, it should be dissolved

with damages. Is not the reverse of the proposition true, that when it is shown that the plaintiff in injunction acted in good faith and, in resisting seizure, showed that much of the amount claimed is not due, he should not be condemned for damages such as these here claimed? See, also, Raiford vs. Thorn, 15 Ann. 81; Breedlove vs. Johnson, 2 N. S. 517; Fish vs. Hart, 11 La. 483; Wells vs. Gordon, 16 La. 219; Moranz vs. Clark, 6 A. 173; Williamson vs. Richardson, 30 Ann. 1173.

We come next to the case of the Vicksburg, Shreveport and Pacific Railroad Co. vs. Scott, Sheriff, 52 Ann. p. 512, in which this court, referring to damages asked in that case, said that the rights of the parties touching damages were reserved and the action became the subject of a separate and independent suit or demand, "and that is the position it occupies in the present action." It was incidental to the first injunction, but not to the second. "From that standpoint, we think defendant should have appealed from the judgment disallowing it in the present suit. It can not be altered or reversed by a simple prayer for amendment. Upon this, defendant in injunction had brought up an appeal on his reconventional demand in the present suit." Cox, Receiver, vs. Sheriff, 104 La. Reports, 501.

## On the Motion to Dismiss.

A number of grounds are urged by appellee in support of the motion to dismiss the appeal. *Inter alia,* it is urged that intervenor and appellant has acquiesced in the judgment to such an extent as to deprive it of any right of contest. Appellant received of plaintiff the amount allowed by the court to it (the former), and the amount was received before an appeal was taken on the reconventional demand. The judgment on the main demand having become final, it was not acquiesced in on the part of the appellant, as relates to the reconventional demand, to receive the amount allowed. The question is not now *res nova.* In the present condition of the issues, the appeal being always a favored right, it will be maintained. Our view regarding the merits render our conclusion of no special importance. The motion to dismiss is refused.

## On the Merits.

The plaintiff in injunction had the right to an injunction as originally sued for. This is made evident by the agreement of compromise.

Railroad Company et al. vs. Sheriff et al.

The petition for an injunction in the suit of the Railroad Company vs. Scott, Sheriff, contained two demands. One demand against the authorities, complaining of the assessment and valuation as excessive, and the other against the sheriff to restrain him from collecting the railroad tax.

The learned counsel for appellant fairly and frankly admits that the question of valuation and assessment was settled between the plaintiff and the local authorities, and an agreement entered into and signed by them; and that this demand was eliminated from the case contradictorily with all concerned. But the learned counsel for the appellant contends that, notwithstanding this elimination of part of the issues, the injunction suit remained in force prohibiting the sheriff from enforcing the ordinance of the Police Jury for the tax in favor of the New Orleans and Northwestern Railroad Company and the restraining order on the injunction prevented collection until the injunction was finally dissolved by the court.

The plaintiff in injunction had the right to an injunction as made evident by the agreement of compromise to which we have just referred. The injunction was not obtained illegally in the first instance, and it was not directed against the intervenor. By the brief of intervenor's counsel, in this case, we are informed that under an agreement, "plaintiff's petition for injunction is to be taken and considered as its answer to the intervention and the case is submitted on the statement of facts and the document named therein and on file, with the understanding that plaintiff tenders witnesses to prove certain allegations in its petition, and that intervenors object to the tender." From this we see that the intervenors, not parties to the first injunction suit originally, chose to consider the petition for injunction as an answer to their petition of intervention, and this after having agreed with plaintiff that one of its demands, that relating to the assessment and valuation, was well founded.

Further, the assessment and valuation were agreed upon and were intended to be made the basis of the judgment which was afterwards rendered. It is said that by some oversight it was not included in the judgment. But the agreement of compromise is of record and is bonding upon all the parties concerned. It is evident that, by the agreement, the injunction was maintained in part. The plaintiff in injunction can not be held liable for damages. It must be borne in mind that no immediate effect was given to the agreement of adjustment of the

parties. It looked to the judgment and it was in contemplation to make it the basis of the judgment. True, the litigation continued, but the effect of the agreement remained as a bar to a claim for damages, although plaintiff did not put an end to the litigation at the time the agreement was entered into. Raiford vs. Thorn, 15 Ann. 81; Carroll vs. Readheimer, 38 A. 374; Materne vs. Lion, 35th Ann. 988.

For the reasons assigned, the judgment is affirmed.