Statement of the Case.
MONROE, J.
Plaintiff, alleging that it is the owner and possessor of certain growing timber (with the right to nse the land on which it is standing for the purposes of its removal), upon giving bond, with the “United States Fidelity & Guaranty Company, by Julius Arent,” as surety, and otherwise complying with the law, obtained a writ of injunction, restraining defendant from felling and removing said timber, and it prays that, after due proceeding, the writ be perpetuated and it be awarded damages, for timber alleged to have been removed and for trespass, in the (aggregate) sum of $1,400.
Defendant answered to the merits, and about a month later moved to dissolve the injunction, alleging that Julius Arent was not authorized alone to sign the bond in the name of the guaranty company, and after a hearing upon that issue there was judgment dissolving the injunction, whereupon plaintiff appealed.
Opinion.
Appellant submits the following proposi-. tions (appellee being unrepresented in this court), to wit:
First. A motion to dissolve an injunction on account of insufficient surety on the injunction bond must be made in limine, and, if made after issue joined, cannot be considered.
Second. One who signs another’s name as surety on an injunction bond, without authority so to do, binds himself personally; and, in order to dissolve the injunction for insufficiency of the security, it is necessary to allege and prove the individual incompetency as surety of the person so signing.
Third. An injunction should not be dissolved on account of insufficient security, where it appears that the party will be immediately entitled to the same remedy. The judge should permit additional security to be given.
1. In support of the first stated of these propositions, it is argued, in effect, that a motion to dissolve an injunction for insufficiency of the security is in the nature of a peremptory exception relating to a nullity in the proceeding; that all exceptions of that character must be pleaded in limine litis; and hence that the exception in question, having been pleaded after issue joined, came too late.
There are no specific provisions in the Code of Practice for the dissolution of preliminary injunctions save those which authorize their dissolution on bonds and by final judgments.
The motion to dissolve is, however, another recognized means for the accomplishment of the end (Cross on Pleading, p. 397); but it is well settled that, where such motion is predicated upon matters appearing upon the face of the papers, the allegations of the petition are taken as true, for the purposes of its trial. Johnston v. Hickey, 4 La. 293; Fisk v. Plart et al., 11 La. 482; Jenkins v. Felton, 9 Rob. 200. And this rule obtains whether the motion be made after, or before, issue joined. Morgan v. Peet et al., 8 Mart. (N. S.) 396; Butman v. Forshay et al., 21 La. Ann. 165. In the cited case of Jenkins v. Felton this court said:
“But a motion to dissolve an injunction on the face of the papers is not without its danger. It is in the nature of a demurrer, and admits all the facts alleged to be true, however improbable they may appear.”
This is, in effect, to say that the motion is in the nature of (what we term) an exception of no cause of action, which is a peremptory exception, founded on law, that *933 may be filed at any stage of tbe action. Code Prac. 345; McCubbin v. Hastings, 27 La. Ann. 715. A motion to dissolve, upon tbe ground that tbe surety is not worth the amount called for by the bond, or (as in this case) that the signature of the surety has been affixed to the bond by a person not authorized for that purpose, is not, however, a motion predicated upon matters appearing on the face of the papers; the questions of the solvency of the surety and of the authority of the person signing his name being matters concerning which the petition is necessarily silent, and which require the hearing ■of testimony for their determination. Upon the other hand, it may be said that the motion cannot be classified as an exception relating to form, since it does not “teffd to have the cause dismissed” (Code Prac. 344), but merely to the setting aside of a “provisional order,” made “to give effect to the suit” (Code Prac. 208), and conditioned upon the fulfillment of certain requirements, to wit, upon the giving of a bond in an amount fixed by the court, “with the surety of one ■good and solvent person residing within the jurisdiction of the court” (or otherwise legally qualified) (Code Prac. 304), and hence that it does not fall within the rule (Code Prac. 333, 334) requiring such exceptions to be pleaded in limine litis. An exception, however, is broadly defined to be a “means of ■defense used by the defendant to retard or defeat the demand brought against him.” ■Code Prac. 320. The plaintiff in this suit ■demands a preliminary injunction, and the ultimate perpetuation of the same. The purpose of the motion is to defeat at least a portion, and for aught we know the whole, ■of that demand, since, if defendant is allowed, pending the litigation, to continue felling and removing the timber in controversy, there may be no function for the writ to discharge when the judgment shall be rendered.
In the matter of attachments, the law specially authorizes the defendant to proceed summarily (meaning by motion) to traverse the allegations of the petition, and to have the writ dissolved, upon showing that those allegations are false, after which he may “proceed in his defense as in ordinary suits.” Code Prac. 258. It seems to be well settled that such a proceeding will not lie after issue joined; and this, whether based upon the charge that the allegations of the petition are false or upon the charge that the .order of the court with reference to the bond has not been complied with. Watson v. McAlister, 7 Mart. (O. S.) 368; Enders v. Steamer Henry Clay, 8 Rob. 30; Myers v. Perry, 1 La. Ann. 372; Baler v. McAllister & Co., 14 La. Ann. 821; Hughes v. Mattes, 104 La. Ann. 233, 28 South. 1009; Bank v. Ice Co., 105 La. Ann. 135, 29 South. 379. In the case of Myers v. Perry, defendant, after joinder of issue, moved to set aside the attachment “by reason of certain alleged defects in the bond and oath and the alleged pecuniary insufficiency of the sureties”; and the court, through Slidell, J., after holding that such a motion might be made after the bonding of the property attached, said:
“But, as regards the joinder of issue in the main action, we do consider it as curing the objections to the attachment made by the defendant, and therefore the motion, was properly dismissed. Code Prac. art. 344.”
It thus appears that the ruling was placed upon the ground that the motion was in the nature of an exception relating to form, such as is provided for in Code Prac. 344; and this we take to have been the basis of similar ruling in the other cases cited. Under these circumstances, and as we are unable to discover any difference between the law (or the reason) which should govern motions to dissolve attachments for insufficient or defective bonds and that which should govern motions to dissolve injunctions on those *935 grounds, we conclude that the motion or exception here in question was filed toó late and should have been overruled. (It may be remarked that the question of the rights of a defendant in injunction or attachment, where the surety becomes insolvent after the joinder of issue, not being involved in this case, is not passed on.)
The conclusion stated above renders the consideration of the other points relied on by appellant unnecessary. It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, that the preliminary injunction herein issued be reinstated, and that the case be remanded to be further proceeded with according to law; the appellees to pay the costs of the appeal, and the costs of the main action to await the decision therein.