(Court of Appeal, Parish of Orleans.)

# COOK & LAURIE CONTRACTING CO. vs. HENRY DENIS.

Where a judgment debtor enjoins the execution of a judgment as a whole and in its entirety, when, concededly, he was entitled to enjoin, if at all, for only the part thereof which he disputes, the statutory damages or penalty will be imposed.

Appeal from the Civil District Court, Division "B."

Morgan & Milner for plaintiff and appellant.

E. H. McCaleb, attorney.

Hall & Monroe for defendant & appellee.

GODCHAUX, J.—The Cook & Laurie Contracting Company having obtained judgment against Henry Denis (see 124 La. 161 and 52 Southern Reporter 560), issued execution, the writ of **fi fa**, calling for the payment of about $661.00. Denis, while admitting this amount was correct to the extent of $600.00 thereof, enjoined the execution of the writ for any sum whatever, and did not confine his injunction to arresting the execution of that part of the writ which he disputed, namely, $61.00. The lower court sustained the injunction to the extent of $6.00 only of the writ, rejected the claim of the judgment creditor, defendant in injunction, for 20% statutory damages and the latter now appeals, claiming that the penalty should have been imposed.

Whether or not injunction was the proper remedy in this case need not be determined. Suffice it to say that the judgment debtor should have confined the effect of his injunction to that portion of the writ which

he disputed and should not have otherwise impeded the judgment creditor in the collection of the balance thereof which was admittedly due. The statutory penalty should have been imposed upon the basis of the amount as to which there was concededly no dispute.

> Perry vs. Kearney, 14 An. 400; Barrow vs. Robichaux, 15 An. 70; See also V. S. & P. R. R. vs. Traylor, 105 La. 749.

The so-called tender of the sum admittedly due was accompanied by such conditions and restrictions as to make it impossible for the judgment creditor to accept it without waiver of its just claims. Such tender cannot serve to relieve the judgment debtor from the penalty of the statute.

The judgment is amended, and to that end is accordingly recast so as to read and decree that the injunction be perpetuated to the extent of six dollars ($6.00) of the writ of fi fa enjoined and dissolved as to the balance of said writ; and the plaintiff in injunction and the surety on the injunction bond be condemned in solido, to pay to defendant in injunction twenty per cent. (20%) damages on the sum of $600, defendant in injunction to pay the costs of the lower court and plaintiff in injunction those of appeal.

Judgment amended.

February 6, 1911.

———o———

5123.

(Court of Appeal, Parish of Orleans.)