(95 South. 258)

No. 24832.

**KANSAS CITY, S. & G. TERMINAL CO. et al. v. INTERURBAN MOTOR TRANSP. CO.**

(May 1, 1922.   On Rehearing, Jan. 27, 1923.)

· *(Syllabus by Editorial Staff.)*

1. **Appeal and error �köö1119—Judgment not modified between nonappealing plaintiff and defendant.**

Where one plaintiff has neither appealed from a judgment for defendant, nor answered the appeal of the other plaintiff, the judgment cannot be modified·as between it and defendant.

2. **Appeal and error �köö1116—Supreme Court cannot reform stipulation made in trial court when not involving its appellate jurisdiction.**

On appeal from a judgment dissolving an injunction and refusing plaintiffs' demands, the Supreme Court cannot reform a stipulation by plaintiff made in the trial court for modification of the injunction; the matter not in any way involving its appellate jurisdiction.

3. **Appeal and error ⊦köö1121—Record not remanded to permit reformation of stipulation because of error as to nature of agreement with third party.·**

In action by union depot company and transfer company to enjoin another transfer company from soliciting business on the depot premises, where plaintiffs' attorney stipulated that an injunction might be modified, so as not to infringe a contract with one of the railroad companies using the depot, the case will not be remanded to afford plaintiff the opportunity to reform the stipulation contradictorily with defendant because plaintiff or its counsel were in error as to the nature of the agreement' with such railroad company.

**On Rehearing.**

4. **Pleading ⊦köö376—Transfer company not required to show contract with depot company when alleged in joint petition between it and the depot company.**

In suit by union depot company and a transfer company to enjoin a second transfer company from soliciting business on the depot premises, the plaintiff transfer company was .not· bound to produce a written contract with the depot company granting it the exclusive right of access to the depot premises for the purpose of soliciting business, or to offer specific and clear proof of its existence where such a contract was alleged in the joint petition of the two plaintiffs, as this was a judicial admission by the depot company.

5. **Carriers ⊦köö14—Whether depot company has granted rights to transfer company no concern of another company sued by both companies for an injunction.**

Where a terminal company owning a union depot and a transfer company sued a second transfer company to restrain it from soliciting business on the depot premises, the question whether the terminal company has granted the other plaintiff the right to occupy any part of the depot premises does not concern defendant, as the terminal company has primarily the right to control the premises; and such right in either plaintiff is fatal to defendant.

6. **Appeal and error ⊦köö877(3)—Court cannot annul provisions of contract between party and one not a party.**

In suit by union depot company and a transfer company to enjoin a second transfer company from soliciting business on the depot premises, where the depot company virtually admitted that a railroad company using the depot had the right to make contracts entitling transfer companies to solicit business, the Supreme Court would not be justified in holding otherwise and annulling a provision of the contract between the railway and depot companies in the absence of the railway company as a party.

7. **Carriers ⊦köö14—Transfer company granted right to solicit business could enjoin competitor granted similar right from so doing until its contract expired.**

Where plaintiff transfer company had a contract with railway company not expiring until March 4, giving it exclusive right to solicit business on depot premises, a contract granting such right to defendant could not become effective until March 4, and on February 4 plaintiff was entitled to enjoin defendant temporarily from interfering with its business.

8. **Injunction ⊦köö186(1)—When temporarily proper attorney's fees not granted defendant.**

Where a transfer company, until March 4, had a right to enjoin another transfer company from soliciting business on depot premises, as an injunction was properly granted temporarily, attorney's fees will not be allowed defendant as damages upon dissolution of the injunction.

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

Action by the Kansas City, Shreveport & Gulf Terminal Company and another against the Interurban Motor Transportation Company. From a judgment for defendant, plaintiffs appeal. Judgment avoided and reversed, and writ of injunction maintained in part on rehearing.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellant Kansas City, S. & G. Terminal Co.

Milling & Pugh and Pugh & Boatner, all of Shreveport, for appellant Featherstone Transfer Co., Inc.

Thomas W. Robertson, of Shreveport, for appellee.

By Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.

DAWKINS, J. The Kansas City, Shreveport & Gulf Terminal Company is the owner of the Union Passenger Depot in the city of Shreveport, and operates the same under a contract (to which we shall hereafter refer) for the benefit of some half a dozen railroads leading into that city. The Featherstone Transfer Company is engaged in the transfer business; that is, the carriage of passengers and baggage for hire within the city, including such as arrive and depart from the said station. These two, as plaintiffs, brought an injunction suit to prohibit defendant, which is a competitor of the Featherstone Company, from soliciting business on the said depot premises, the pertinent allegations of which were substantially as follows:

That the Terminal Company, in order to provide suitable facilities for the transportation of passengers arriving and departing at said station at a reasonable rate, had entered into a contract with the other plaintiff, the Featherstone Company, for that purpose; that it had given the latter company the use of space for a desk and other necessary equipment, and "the exclusive right and access to the depot platform and inclosures of said depot premises, to solicit customer patronage and to render services to arriving and departing passengers or conduct them to the trains"; that petitioner, the Featherstone Company, had made contracts with the several railroads using said depot to transport passengers and baggage between said station and two other railroad stations within said city for a reasonable charge, and, by virtue thereof, had been given "the exclusive privilege of meeting all trains arriving at said depot, for the purpose above stated, and for the purpose of soliciting other transfer business"; that defendant "is engaged in the business of operating vehicles for transporting passengers and baggage to and from your petitioner's depot to various parts of the city"; that "petitioner has repeatedly warned the said defendant not to enter upon the said premises" for said purposes, and has placed a large sign thereon warning all persons that said premises were private property, but notwithstanding said notice and warning defendant had entered the same for the purpose of soliciting business, and would continue to do so unless enjoined; that to permit defendant to continue such acts "would amount to a trespass and cause irreparable injury to petitioner," and would hinder and harass the patrons of said depot; that petitioner, the Terminal Company, has the legal right to make said contract with petitioner, the Featherstone Company, and that the orderly administration of its said station requires that it make such an arrangement for the benefit of its patrons.

Defendant excepted that the petition disclosed no cause or right of action, which was overruled after the filing by plaintiff Terminal Company of the following stipulation:

By Attorney Wilkinson:

"In so far as the K. C., S. & G. Railroad is concerned, it consents to a modification of the injunction so as not to infringe the supplemental contract between the plaintiff and the

V., S. & P. Railway Company and so as to permit them to comply with said contract."

Defendant answered, denying mainly the allegations of the petition, and averring that it had made a contract with the V., S. & P. Ry. Co. "a tenant line running to the depot operated by plaintiff Terminal Company, by which it was given the right of soliciting patronage from the passengers arriving on all of the said railway company's trains, and had operated thereunder until restrained by the injunction in this suit"; that said Terminal Company was a nominal party to said suit, being joined therein to "bolster up" the suit of the Featherstone Company, and had "practically withdrawn"; and defendant claimed damages to the amount of several thousand dollars as the result of said injunction. It prayed that the writ be dissolved and for damages, including attorney's fees.

The lower court dissolved the injunction, reserved plaintiff's right to sue for damages, and rejected the demands of defendant for damages. Plaintiff Featherstone Transfer Company appealed, and defendant answered the appeal by praying that the judgment be amended "so as to hold said injunction invalid from the date it issued," and that defendant be allowed damages as prayed for in its original answer, and plaintiff be required to pay costs.

On Motion to Correct or Remand Record.

A motion has been filed in this court, joined in by both the Terminal Company and the Featherstone Company, asking that the stipulation filed by the former consenting to the modification of the injunction (quoted herein above) be reformed "so as to read about as follows":

"In so far as the Kansas City, Shreveport & Gulf Terminal Company is concerned, it consents to modification of the injunction, should said injunction be inconsistent with its (the said Terminal Company's) contract with the Vicksburg, Shreveport & Pacific Railway Company."

In the alternative, appearers pray that the record be sent down for the purpose of taking evidence contradictorily on the question, all because the counsel who dictated the stipulation did not have before him the said contract between the Terminal Company and the V., S. & P. Ry. Co., and was not familiar with its provisions at the time the said stipulation was made, the purpose being to have the "agreement" conform to the true intent and understanding of the parties.

[1] In the first place, the Terminal Company neither appealed nor answered the appeal, and the judgment of the lower court cannot be modified as between it and the defendant.

[2, 3] It would be impossible for us to make such a change as an original proposition, for we have no power to hear or consider any proof for that purpose, the matter not involving in any way our own appellate jurisdiction. And, as to the request to remand, the effect would be to have us send the case back to afford the Terminal Company an opportunity to bring a proceeding contradictorily with defendant, not to correct a clerical error of the clerk or other officer in making or copying the transcript, but to reform the stipulation upon the ground of error on the part of the Terminal Company or its counsel who made it, as to the nature of an agreement between it and a third person which he did not then have before him.

As to the Terminal Company, for the reasons above given (not having appealed or answered the appeal), it has no standing to seek for any cause a modification of the judgment between it and the defendant; and, as to the appellant Featherstone Company, we know of no precedent or other good reason which would justify such an extraordinary proceeding.

On the Merits.

We are relieved from going into the question of the right of the Terminal Company to

exclude defendant from going upon the depot premises for the purpose of soliciting business, for the judgment dissolving the injunction against the exercise of the right is now final, and the case is left to be determined upon the issues raised by the pleadings and facts found in the record as between the Featherstone Company and the defendant.

As to the appellant, the petition, in substance, charges that it has a contract with the Terminal Company giving it the exclusive right to go upon the depot premises to solicit business of the character in which it and defendant are engaged, and it asks that that right be protected from infringement on the part of defendant. The effect of this is to say that the said plaintiff has a limited and exclusive right, i. e., to solicit business of the character mentioned, upon real property, the depot premises, and, even though defendant is a stranger to that agreement, we think that the Featherstone Company would have a standing to protect its alleged rights by injunction in the absence of all showing of such right in the defendant.

However, in this case the defendant does produce a contract with the V., S. & P. Ry. Co., giving it the exclusive right to go upon said depot premises for the purpose of meeting and soliciting business from the passengers arriving and departing over that company's line. The Featherstone Company has produced no written contract with the owner of the depot property, the Terminal Company, but has proven in a rather vague and indefinite way some sort of arrangement for the purposes for which it contends. On the other hand, the defendant produces a written contract with the V., S. & P. Ry. Co., who, under its contract for the use of the depot premises, is given "equal rights and privileges" and the right to "enjoy the use of all the property and appurtenances and conveniences," etc., with said Terminal Company. Under its contract with the V., S. & P. Ry.

Co., defendant is given the specific right to go upon the depot premises for the purpose of soliciting patronage from and of the passengers arriving and departing over said railway company's lines, and we think this is a sufficient prima facie showing to remove defendant from the category of a trespasser or one subject to being enjoined by the appellant, under the condition of this record, from exercising the rights granted it by the contract with the V., S. & P. Ry. Co. Under these circumstances, it is unnecessary to inquire further into the effect of the contract between the Terminal Company and the V., S. & P. Ry. Co., neither of whom are before this court in a manner to render such interpretation of any value.

When this suit was filed, February 4, 1921, plaintiff Featherstone Company had a contract with the V., S. & P. Ry. Co., giving it the same rights and privileges which were claimed by the defendant, but which could be terminated by either party upon 30 days' notice; and, although said railway company had made its agreement with defendant before the suit, upon objection by the Featherstone Company to the termination of its rights without this notice, the point was conceded by the V., S. & P. Ry. Co., and it was agreed that the Featherstone contract should end on March 4, 1921. Hence, to that extent the parties appellant and defendant were claiming their rights from the same source, and the injunction should be maintained to the 4th of March, 1921, and dissolved after that date.

The proof in the record fails to sustain the claim of the defendant for damages on any other score than that for attorney's fees for the dissolution of the injunction, and for those services, since it was maintained in part, a fee of $500 would be fair and reasonable.

For the reasons assigned, the judgment appealed from is amended so as to dissolve

the writ of injunction as of date the 4th of March, 1921; it is further ordered and decreed that the defendant have judgment in reconvention against the Featherstone Transfer Company, Inc., in the sum of $500 as attorney's fees, and that all costs be paid in equal proportions by appellant and defendant. As thus amended, the judgment of the lower court is affirmed.

## On Rehearing.

### By the WHOLE COURT.

LECHE, J. [4] In reconsidering this case we have come to the conclusion that we erred in holding, in effect, that the Featherstone Company was bound either to produce a written contract with the Terminal Company or to offer specific and clear proof of the existence of the contract under which it claims "the right to occupy and use such space in the Union Depot sufficient to accommodate a desk and other equipment, and also the exclusive right of access to the depot platform and enclosures of said depot premises to solicit custom or patronage of arriving and departing passengers." Such a contract is alleged in the joint petition of the Terminal Company and of the Featherstone Company. It is, in so far as concerns the Terminal Company, a judicial admission which the latter company can neither deny nor question.

[5] By virtue of its ownership of the Union Depot, the right to control the depot and the premises upon which it stands is primarily vested in the Terminal Company, and whether the right to use and occupy the whole or any part of such depot and its premises is still vested in the Terminal Company or has by the latter been transferred to the Featherstone Company is a question which does not concern the defendant, because the existence and ownership of that right, whether in the Terminal Company or in the Featherstone Company, is

equally fatal to the pretensions of defendant. But that question becomes of little importance in determining the real issue in this case, as will hereafter appear.

Defendant does not claim to have obtained the right to use the Union Depot, and to pursue its business thereon, from the Terminal Company, but it claims such right through and from the V., S. & P. Ry. Co., one of the several railroad lines enjoying the right under agreement to use the Terminal Company's depot for the operation of its trains into and out of the city of Shreveport.

It appears that the V., S. & P. Ry. Company entered into a contract granting to defendant the privilege of soliciting the transportation of passengers and their baggage to and from its trains in the Union Depot for the term of one year, beginning January 1, 1921. Defendant was attempting to operate under this contract when the present injunction was sued out on February 4, 1921.

The Featherstone Company was at the time exercising this same soliciting privilege under a similar contract also with the V., S. & P. Ry. Company.

[6] During the trial of the case, counsel for the Terminal Company, coplaintiff with the Featherstone Company, virtually admitted that the V., S. & P. Ry. Company had the right to enter into such contracts, and, as the V., S. & P. Ry. Company is not a party to this suit, this court would not be justified in holding otherwise, and annulling any provision of the contract between the V., S. & P. Ry. Company and the Terminal Company.

[7] Assuming, then as we must, that the V., S. & P. Ry. Company had under its agreement with the Terminal Company the right to enter into a contract with a local transfer company for the convenience of passengers arriving on its trains or departing thereon through the Union Depot, it is admitted in a letter addressed to the Featherstone Company by the V., S. & P. Ry. Company that its contract in favor of the Featherstone Com-

pany did not expire until March 4, 1921. (See Exhibit, Plaintiff, 2, Rec. p. 26.) It is therefore obvious that the V., S. & P. Ry. Company's contract with defendant could only become effective after March 4, 1921, and that the Featherstone Company had on February 4, 1921, the right to enjoin defendant temporarily from interfering with its business.

[8] We also reached this same conclusion in our former decision, but nevertheless recognized defendant's right to recover attorney's fees as damages. This was error, because plaintiff should not be penalized for exercising a legal right.

We have heretofore, on several occasions, held that, where a plaintiff in injunction partially succeeds, and the equitable remedy of injunction has not been palpably abused, damages will not be allowed. See V., S. & P. R. Co. v. Traylor, 105 La. 748, 29 South. 141; Pointer v. Roth, 19 La. Ann. 78; Raiford v. Thorn, 15 La. Ann. 81.

For these reasons the judgment appealed from is avoided and reversed, and it is now ordered that the writ of injunction herein issued be maintained in part and recognized as effective until March 4, 1921, and that defendant pay all costs.

DAWKINS, J., concurs in the decree.