## BUSHROD JENKINS v. NOAH FELTON.

A motion to dissolve an injunction on the ground of the insufficiency of the allegations in the petition, is in the nature of a demurrer, and admits all the facts alleged to be true, however improbable.

Where a party gives his notes, secured by mortgage, for a certain sum, to a third person, for a title from the latter to a tract of land, in ignorance of his right, under a subrogation from another vendor, to claim a title from such third person, for a smaller sum, such an error in relation to his legal rights, will entitle him to an injunction to stay any proceedings under the mortgage notes.

APPEAL from the District Court of Caddo, *Campbell,* J.

MORPHY, J.   The plaintiff enjoined the execution of an order of seizure and sale against a tract of land and two slaves, by him mortgaged to the defendant. He alleges that, on the 25th of August, 1839, Michael E. Davis sold to him the said land, for $2,000 cash; that, by the act of sale, Davis subrogated him to all the rights he might then have affecting the title to said property; that, at the time of this sale, Davis was in possession of and owned this land, which he purchased from the government of the United States, in 1839; that Felton, being present at the land sales of that year, loaned to Davis one thousand dollars, at the usurious rate of thirty-three and a third per cent for six months, and, in order to conceal the usury, took from Davis his note for $1333 33; that Davis bid off and purchased the land, and, in order to secure to Felton the payment of said loan and the usurious loan stipulated, allowed Felton to have the certificates at the Land Office entered in his name, although the land in reality belonged to Davis; that afterwards Felton gave Davis his bond to make him (Davis) a title to the land, whenever he should pay the said sum of $1333 33; that these facts were known only to Davis and Felton and that he (the petitioner) had no knowledge or notice that Felton had, or pretended to have any claim or right to the land. The plaintiff further represents that, after his purchase from Davis, to-wit, on the 13th of May, 1841, Felton disclosed to him that he claimed the land, and by his false and fraudulent representations induced him to believe that he (Felton) had in fact a title to the land, and that the title he held from Davis was void; that acting in ignorance of these frauds, and in error as to his legal rights, he was induced to purchase the said land from Felton, and, on the 13th of May, 1841, executed the notes upon which the order of seizure and sale issued, and secured the same by giving a special mortgage on the land and on the two negroes; and that, in April, 1843, he made a partial payment on these notes, of $933 81. The plaintiff avers that this act of sale was obtained by fraud on the part of Felton; that it was, as well as the notes, executed in error; that the partial payment was also made in error; and that he was not legally bound for the notes. He prays that the act of purchase and

mortgage between him and Felton may be declared null and void, as made in error, and through fraud ; that the notes may be cancelled, and Felton decreed to refund to him the money paid through error, to-wit, $933 81. A motion was made below to dissolve the injunction, on the ground that there were no sufficient reasons for issuing it alleged in the plaintiff's petition. This motion having prevailed, and the injunction having been dissolved, with damages, the plaintiff appealed.

It is difficult to believe that, at the time of his purchase from Davis, the plaintiff was not made acquainted with the bond which his vendor had to compel Felton to make him a title to the land, on paying him $1333 33, and that he continued in that state of ignorance up to the time when he treated with Felton to obtain the legal title to the land, and subsequently paid him $933 81, and that he acted throughout in error as to his legal rights. But a motion to dissolve an injunction on the face of the papers, is not without its danger. It is in the nature of a *demurrer*, and admits all the facts alleged, to be true, however improbable they may appear. It is alleged that Davis sold the land to Jenkins, and *subrogated* him to all his rights affecting the title to said property. Among these rights was that which Davis had to compel Felton, under his bond, to convey the land to him, on paying the $1000 advanced for the purchase made at the Land Office, or, at most, $1333 33, being for the principal and interest stipulated. It is further alleged that Jenkins, ignorant of this right, purchased the title of Felton for $1840, on which he has paid $933 81 ; and that he made this purchase and payment in ignorance of his legal rights. If these allegations be true, and they must be so considered, it is clear that the plaintiff would not have given $1840 for the title, which he could have compelled Felton, under his bond, to make to him for $1333 33, and perhaps for $1000, in consequence of his subrogation to all of Davis' rights touching the land in question. An error in law, as well as an error in fact, invalidates a contract, where such an error is its only, or principal cause. Civil Code, art. 1840. In 5 Mart. N. S. 260, this court held, that error in relation to the legal rights of parties, renders a contract, of which it is the basis, null. We are, then, of opinion, that

the facts set forth in the petition, if true, authorized an injunction, and that the case should be tried on its merits.

It is, therefore, ordered, that the judgment of the District Court be reversed, the injunction reinstated, and the case remanded, to be proceeded in according to law; the appellee to pay the costs of this appeal.

*Tuomey*, for the appellant.
*Crain*, for the defendant.