## W. L. Knox *v.* The Coroner et al.

Where the plaintiff enjoined the execution of a judgment, alleging that it had been paid, and praying that it should be decreed to have been satisfied, the District Judge erred in rendering a final judgment on overruling defendants' motion to dissolve the injunction.

The conservatory process of injunction in such a case is separate from the principal demand which should be put at issue regularly, before a final judgment could be rendered.

An affidavit for an injunction stating, that "*the facts and allegations, as set forth in the foregoing petition, are true, as therein alleged, to the best of his (affiant's) knowledge and belief,*" is sufficient.

APPEAL from the District Court of the parish of Carroll, *Farrar*, J.
*Short & Parham*, for plaintiff. *Louis Selby*, for defendants and appellants.

Merrick, C. J. There is a motion to dismiss the appeal in this case depending on the same grounds as the case between the parties of the same name, just decided. For the reasons there given the motion must be overruled.

This case differs from the preceding one in this, that in the petition, as an additional ground of injunction, the plaintiff alleges, that the judgment enjoined has been paid, and he prays that on a final hearing of the case the judgment may be decreed satisfied.

The defendant in injunction moved to dissolve the same on the ground, that the petition contained no cause of action, that the same is too vague and indefinite for an injunction, and that the affidavit is not sufficient and is not direct and positive.

The motion to dissolve was overruled, the injunction perpetuated, and the defendants have appealed.

The District Judge erred in rendering final judgment on overruling the defendant's motion to dissolve. They should have been allowed to answer over.

The injunction suit contains, when commenced by an injunction, two demands. The principal demand which might be instituted in a proper case as an ordinary action, and the conservatory process of injunction. The conservatory process may sometimes be dismissed without carrying with it the dismissal of the principal demand. The case before us was one of this kind. Had the injunction been dissolved for any irregularity, it would not have destroyed the principal demand to have the judgment decreed to be cancelled, because it had been paid and satisfied.

When, therefore, the motion to dissolve was overruled final judgment ought not to have been rendered upon the plaintiff's demand in his favor, but he should have been suffered to take his judgment by default, and force an issue upon the merits of his principal demand. 8 N. S., 396; 4 L. R., 293; 11 L. R., 482; 9 Rob. 202.

On a consideration of the motion to dissolve, we think it was properly overruled.

The affidavit states, that "the facts and allegations as set forth in the foregoing petition, are correct and true, as therein alleged, to the best of his (*Wm. K. Knox's*) knowledge and belief." This appears to be sufficient. *Jewell* v. *Jewell*, 1 Rob , 316 ; *Livingston* v. *Dick*, 1 An., 323.

The petition itself discloses a sufficient ground for the injunction, viz: the payment of the judgment enjoined, and, in support of the petition, interrogatories on facts and articles are propounded to the plaintiff in execution touching the payment thereof.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that this cause be remanded for further proceedings and a new trial according to law, the plaintiff and appellee paying the costs of the appeal.