## No. 8866.

### JOHN H. WILBERDING VS. WIDOW DANIEL MAHER.

In an action for the specific performance of an agreement to sell for cash a piece of immovable property, if it is shown that the defendant, who is a widow, had purchased the property in her own name during marriage, under the *régime* of the community, and had in good faith believed it to be her separate property, but discovered, after her agreement to sell the same, that the property belonged to the community, and that her husband's share of the same, which had accrued to her as his universal legatee, was affected with a general mortgage, resulting from a bond of tutorship, and if it appears that it is impossible for her to cancel said mortgage, there is a lawful excuse for the non-performance of her contract, as the same had been made by her through an error of law. The defendant is therefore released from the obligation of her contract.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*A. J. Murphy* and *W. S. Benedict* for Plaintiff and Appellee.

*Jos. P. Hornor* and *F. W. Baker* for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff seeks to enforce the specific performance of a contract evidenced by the following instrument:

"NEW ORLEANS, March 16th, 1882.

"Received from Mr. John H. Wilberding the sum of fifty dollars, on account of agreement between him and Mrs. Widow Daniel Maher, in relation to sale of property situated No. 101 St. Ann street, between Bourbon and Dauphine streets, Second District, said sale to be for the price and sum of twenty-eight hundred dollars in cash.

"Signed:　　　　　　　　WIDOW DANIEL MAHER."

For defense, it is urged that an unforeseen event or circumstance makes it impossible for the defendant to perfect the sale. She avers that the property, which belonged to the community existing between herself and her deceased husband, is burdened with a general mortgage of $1,500, resulting from her husband's tutorship of four minor children, one of whom is yet only seventeen years of age. She acknowledges that she was aware of the tutorship aforesaid at the time that she entered into the agreement of sale with plaintiff, but she avers that the property having been purchased in her individual name, she was ignorant of the fact that, under the law, it had become community property, and as such liable for the debts of her husband, who had made her his universal legatee in his last will. She tendered the sum of fifty dollars, received under the agreement, but it was declined by plaintiff.

The case was tried by a jury, who returned a verdict against the defendant, whereupon judgment was rendered condemning her to execute a sale of the property to plaintiff, and imposing the following conditions:

"That the said defendant, Mrs. Mary Maher, widow of Daniel Maher, be ordered to execute and sign a good and sufficient deed and title to said property to said plaintiff, according to law, and the agreement herein sued upon, before Octave DeArmas, Notary Public of this Parish, and that, after having signed and executed such deed and title, and having caused to be discharged and cancelled all mortgages or privileges recorded against and bearing upon said property, that the sum of $2,750 be paid to her by said plaintiff; and, in the event that she should fail or neglect to discharge or cancel any of such mortgages or privileges, that the said plaintiff shall be entitled to retain in his hands such portion of said $2,750 as will be sufficient to pay and discharge such mortgages or privileges remaining uncancelled, until said defendant has discharged and cancelled the same."

The defendant appeals, and she is clearly entitled to relief.

In the first place, it is apparent on mere inspection, that the judgment does not in terms enforce the contract sued upon, which was a cash sale, but it orders a sale on entirely different terms, under which only thirteen hundred dollars are to be received in cash by the vendor, to whom the balance of the purchase price is to be paid at an indefinite time in the future.

It is conceded by all parties, and it is undeniable, under our jurisprudence, that if plaintiff had exacted a sale under the original terms, and had been willing to take the risk of the general mortgage, the defendant could have been coerced to the performance of her part of the contract. But the plaintiff formally declined that risk, and called for a transfer under a title free of the mortgage in question.

As it was impossible for the defendant to release the property from the mortgage, and as the jury had found in favor of the plaintiff, under his prayer, it is easy to appreciate the difficulty which the District Judge had to overcome in rendering and framing a judgment in accordance with the verdict of the jury, and to conform to the prayer of plaintiff's petition.

While we concede that the performance which he ordered is as near an approximation to a specific performance of the contract as the circumstances of the case would admit, yet, it is nevertheless true, that the contract which the judgment orders is materially different from that which the parties contemplated in their original agreement.

Hence, it follows, that the execution of that judgment, on these grounds alone, is forbidden by law, as well as by justice and equity.

But, in addition to these considerations, it appears conclusively to our minds that defendant, against whom no fraud has been proved, or even alleged, has shown circumstances which legally exonerate her

from the performance of her contract, which she had entered into under a palpable error of law.

The record shows that she had purchased the property in her individual name, and that, until better informed, she had always believed that it was her separate property, and not that of the community. She was truly informed of the existence of the facts, but she had drawn from them erroneous conclusions of law. C. C. Art. 1822.

She is, therefore, entitled to relief. C. C. Art. 1819.

Acting under similar views and guided by like considerations, this Court held, in the case of Williams vs. Hunter, 13 An. 476, that a penal clause, stipulated in a contract, could not be enforced against the defendant, who was shown to have agreed to sell a portion of a plantation which she then believed, in good faith, to be her lawful property, and to have subsequently discovered that she had no legal title to one-half of said property.

We, therefore, hold in this case, that the subsequent discovery of the general mortgage affecting the property, which was the subject matter of the contract sought to be enforced, coupled with the fact that the defendant has no means at present to release such mortgage, is a lawful excuse for the non-performance of her contract, and that the jury erred in their conclusions.

It is, therefore, ordered and decreed that the verdict of the jury be set aside, and that the judgment of the District Court be annulled and reversed, and that there be judgment against plaintiff, rejecting his demand and dismissing his action at his costs in both Courts.

Rehearing refused.