(173 La. 574)
### HILL v. HILL et al.
### No. 31214.

Supreme Court of Louisiana.
Nov. 3, 1931.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellant.

John B. Files, of Shreveport, for appellees.

O'NIELL, C. J.

The plaintiff has appealed from a judgment rejecting his demand for annulment of an agreement, dated the 31st of July, 1929, called an act of partition, by which he and the defendants undertook to settle their conflicting claims to 20 acres of land. The land is a part of a tract of 160 acres, for which a patent was issued by the United States government "to Sarepty J. Hill, widow of W. N. Hill," on the 14th of December, 1895, by virtue of a homestead entry·made by Mrs. Hill's former husband, W. N. Hill, on the 12th of October, 1872. He died on the 16th of July, 1877, before final proof was made or final certificate issued. He had no children. The widow, Sarepty J. Hill, married John H. Hill, who is the plaintiff in this suit, on the 17th of December, 1877, and they continued residing on the land, and cultivating and improving it, with the intention of perfecting the homestead entry. Final proofs were made in April, 1881, and the final certificate was issued on the 8th of June, 1881, during the marriage of the plaintiff to Mrs. Sarepty J. Hill, and while they were yet residing on the property. She died on the 10th of May, 1918. The defendants are the children and grandchildren of Mrs. Hill, the children being also the plaintiff's children, and the grandchildren being the children of a deceased son of Mrs. Hill, issue of her marriage to one J. M. Brewer, before she was married to W. N. Hill.

At the time of the settlement, which the plaintiff is now attempting to annul, he claimed half of the property because the final proof.was made and the final certificate issued during the existence of the community between him and Mrs. Sarepty J. Hill; and the heirs of Mrs. Hill, defendants in this suit, claimed that the property belonged to the separate estate of their mother, because the grant was made to her as "widow of W. N. Hill," by virtue of the federal statute (U. S. Rev. Stat. § 2291 [43 USCA § 164 note]) which gave to her alone, as the widow of the entryman, the right to obtain a patent for the land. In the settlement of this dispute, the plaintiff took, in satisfaction of his claim, the surface rights on the 20 acres of land for the remainder of his life, and the defendants took, in satisfaction of their claim, the land itself, subject to the plaintiff's usufruct, or life estate, with the stipulation that all parties to the agreement would consent to lease the land for the production of oil and gas, and for the drilling of a well within 90 days, and that any royalties that might be forthcoming would be payable to the defendants, as owners of the land. Accordingly, the lease was made, and the first well drilled thereunder produced gas in paying or commercial quantities. The plaintiff's surface rights on the land are therefore worth much less than the defendants' mineral rights.

The plaintiff's cause of complaint, as alleged in this suit, is that he was induced to make the compromise settlement by an error

of law, and by a misrepresentation as to his title to half of the land. He does not contend that he was ignorant of any of the facts relating to the title to the land. His contention is that, under article 1846 of the Civil Code, he has the right to annul the agreement for error of law, because the error was the principal cause, and only cause, for his making the agreement, and because, as he contends, his right to half of the land was so unquestionable, under the decisions of this court, particularly the decision in Doucet v. Fontenot, 165 La. 458, 115 So. 655, that the misrepresentation or misunderstanding of his right in that respect constituted fraud and imposition.

The defendants, on the other hand, contend that the plaintiff had no interest whatever in the land, and that their giving him the usufruct of the surface of the land for the remainder of his life was a gratuity on their part. They concede that the doctrine announced in Doucet v. Fontenot, that the question as to whether a homestead becomes community property or the separate property of the entryman depends upon whether he is married or single, not at the time of the original entry, but at the time when the final proofs are made and the final certificate is issued, is a correct doctrine; but they contend that that doctrine has no application to a case where the original entryman dies before completing his homestead entry, and where his widow avails herself of the right which is accorded exclusively to her by section 2291 of the Revised Statutes of the United States, to make final proof and receive a final certificate and patent for the land. The defendants quote a declaration to that effect from Wadkins v. Producers' Oil Co., 130 La. 314, 57 So. 937; Id., 227 U. S. 368, 33 S. Ct. 380, 57 L. Ed. 551; and they cite, to the same effect, McCune v. Essig, 199 U. S. 382, 26 S. Ct. 78, 50 L. Ed. 237. In this distinction, which the defendants find, between the case where a homestead entry is completed by a man after his status as a married man or single man has changed, and the case where the homestead is completed by the widow of the entryman, they are supported in some measure by the decisions of this court, maintaining that, although property bought in the name of a married man is conclusively presumed to be community property if he fails to declare in the deed that it is bought with his separate funds, nevertheless a married woman who buys property in her own name may prove at any time that it was bought with her separate funds and as her separate property. See Succession of Goll, 156 La. 910, 101 So. 263, and the long list of decisions there cited, and Succession of Watkins, 156 La. 1000, 101 So. 395.

It is not necessary, however, to decide now whether the property in question belonged entirely to the heirs of Mrs. Hill or belonged one-half to them and one-half to the surviving husband of Mrs. Hill, before he and they settled their dispute by a compromise agreement. We refer to the argument of the heirs of Mrs. Hill, and to the law cited on each side of the proposition, merely to show that the question of law which was disputed, and which was put to rest by the compromise agreement, was one which Mr. Hill and his advisors might well have had some doubt about.

A compromise settlement is intended not to bring about a decision of the questions of law in dispute, but to pretermit them. That is why article 1846 of the Civil Code, which declares that a contract may be annulled for an error of law, as well as for an error of fact, if the error was the only or principal cause or motive for the contract, contains the proviso: "A contract, made for the purpose of avoiding litigation, can not be rescinded for error of law." Article 3078 also declares that a transaction—meaning a compromise settlement or agreement—is not subject to annulment for an error of law, or for lesion. See also Buckelew v. Wyche, 162 La. 67, 110 So. 91. The word "transaction" is used in the articles of the Code (articles 3071–3083) on the subject of *compromise* because the French term, *la transaction*, which means *compromise*, was taken literally in the English translation, in the corresponding articles (3038—3050) of the Code of 1825.

Counsel for appellant cite Tanner v. Robert, 5 Mart. (N. S.) 255; Jenkins v. Felton, 9 Rob. 200; Williams v. Hunter, 13 La. Ann. 476; Wilberding v. Maher, 35 La. Ann. 1182; and Schrock v. Bolding, 171 La. 929, 132 So. 504. These cases, however, can be distinguished from the case before us. For example, in Tanner v. Robert, a renunciation made by a widow, of her rights under her husband's will, was annulled for an error on the part of the widow as to the extent of her claim; but the error consisted of ignorance of a fact which determined that certain property bought by the husband during the marriage became his separate property, and not community property. That was not an error of law. In Jenkins v. Felton, the error for which the transaction was set aside consisted of ignorance of the existence of a document, and therefore the case came squarely within the provisions of article 1824, now article 1830, of the Civil Code. In Williams v. Hunter, and in Wilberding v. Maher, the ruling was merely that a stipulated penalty for failure to carry out an agreement to sell property was, like the agreement itself, not enforceable where the defendant, who had made the agreement in good faith, discovered that she could not convey a valid title, and the plaintiff was therefore unwilling to pay the price in cash, as stipulated in the agreement. In Schrock v. Bolding, an act of partition was set aside for fraud and misrepre-

sentation with regard to matters of fact, not a question of law.

Our opinion is that the present suit might well have been dismissed for the failure of the plaintiff to allege a cause or right of action.

The judgment is affirmed.