[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 869 
This is a suit to recover allegedly past due underpayments of monthly benefits under a combined disability and life insurance policy issued by the defendant corporation. The facts of the case, which are not in dispute (except as to the correct age of the plaintiff), are as follows:
On June 2, 1924, the Metropolitan Life Insurance Company issued a policy insuring the life of the plaintiff, Adolph G. Misuraca, for the sum of $10,000 in consideration of an annual premium of $361.80. This policy also contained provisions for the payment to the insured of a monthly income of $10 for *Page 870 
each $1,000 of insurance in the event the latter became totally and permanently disabled, as a result of bodily injury or disease occurring after the issuance of the policy, so as to prevent him from engaging in any occupation or performing any work for compensation or profit. In consideration of this coverage, the insured agreed to pay an additional annual premium of $24.
In his application for the issuance of the policy, the insured stated he was forty years of age and that the date of his birth was January 11, 1884. Among the various provisions contained in the policy is an age adjustment clause which stipulates that, if the insured's age has been misstated, the amount payable will be such as the premium paid would have purchased at the correct age. Also included is an incontestability clause which provides that the policy will be incontestable after two years from the date of its issue.
During the month of April, 1928, while the policy was in full force and effect, the insured became industrially blind and the company recognized that he was entitled to the monthly benefits of $100 provided for under the disability feature of the contract. Accordingly, regular monthly payments of $100 were made by the company to the insured from April, 1928, until November, 1936, at which time the company discovered that the insured, in making application for naturalization as a citizen of the United States, had stated under oath that the date of his birth was January 11, 1881, making him 43 years of age instead of 40 years at the time the policy was issued. With this evidence in its possession, the company notified *Page 871 
the insured that it would be compelled to enforce the age adjustment clause contained in the policy and reduce the amount of its coverage from $10,000 to $9,243.74, (which was the amount of insurance the premiums paid would have purchased had the insured correctly stated his age) and that, accordingly, the insured was entitled to receive only the sum of $92.44 per month under the disability feature of the policy, instead of $100. The company further informed the insured that he had been overpaid in disability benefits from April, 1928, through October, 1936, in the sum of $778.68; that it would, therefore, discontinue the monthly benefits under the policy until the overpayment had been liquidated and that, if he contested the evidence which it had concerning the misstatement of his age in his application for the policy, it would be compelled to file suit for a reformation of the contract. Upon receiving this advice from the company, the insured employed counsel and discussions were commenced with a view of adjusting amicably the matter in dispute. As a result of these negotiations, an agreement of settlement was confected whereby the insured and his wife, who was the beneficiary under the policy, accepted as true for the purpose of the contract that the correct date of the insured's birth was January 11th, 1881, and not January 11th, 1884, as stated by the insured when he applied for insurance and that the correct monthly disability payments due under the policy amounted to $92.44. This concession by the insured and his wife is stated in the agreement to be "in consideration of the forbearance by the Company from proceeding at law to recover the overpayment and to reform *Page 872 
the policy" and, in addition, the company agreed to continue the monthly disability payments under the policy at the rate of $60 a month, deducting only $32.44 per month until the insured's indebtedness to it for overpayments in the sum of $778.68 was fully liquidated. In conformity with this agreement, which was dated March 26, 1937, the company paid to the insured $60 per month from November 17, 1936, to May 17, 1939, $78.38 for the month of June, 1939, and $92.44 since that time.
On October 17, 1938, the plaintiff filed this suit to recover from the company the difference, plus penalties and attorneys' fees, between the disability benefits of $100 per month and $60 per month which had been paid him under the written contract of settlement between the insurance company and himself. In his petition, he ignored the existence of the contract of settlement and relied solely upon the provisions of the insurance policy to sustain his right for relief.
In answer to his demand, the company asserted that the insured misstated his age at the time he applied for the policy; that, under the age adjustment clause contained in the policy, the right was reserved to it to readjust the amount of the coverage granted therein and that, at all events, the agreement of settlement, which was confected as a result of the dispute concerning the insured's true age, is binding and enforcible.
The plaintiff countered:
1. That his age was not misstated in his application for insurance;
2. That, if it is held otherwise, the company is without right to adjust its liability *Page 873 
under the age adjustment provision of the policy since there is an incontestable clause in the policy which, under the jurisprudence of this State (Mutual Life Insurance Co. v. New,125 La. 41, 51 So. 61, 27 L.R.A., N.S., 431, 136 Am. St. Rep. 326), precludes any adjustment in coverage; and
3. That the written agreement relied upon by the company is not binding and enforcible because (a) it is not a compromise but an agreement without consideration which was entered into solely as a result of an error of law, (b) that, even if it is found to be a compromise, it is devoid of consideration to support it and (c) that it does not completely determine the rights of the parties.
The case proceeded to trial on the foregoing issues. The evidence taken at the hearing was limited to the question of the insured's correct age. All other facts were stipulated by opposing counsel and are not controverted.
The District Judge, after hearing the evidence, found as a fact that the insured's age was incorrectly stated in his application for insurance and, being of the opinion that the contract of settlement of March 26, 1937, constituted a valid and enforcible compromise of the controversy existing between the parties, he rejected plaintiff's demand and dismissed his suit. Plaintiff has appealed from the adverse decision.
At the outset, we direct our attention to the agreement of March 26, 1937, for, if the trial Judge was correct in his resolution that the parties compromised and settled the differences existing between them, it will obviously *Page 874 
be unnecessary to discuss the remaining questions involved respecting the plaintiff's right to recover under the insurance policy. The agreement reads as follows:
"Whereas, Adolph G. Misuraca, residing at 1131 N. Prieur Street, New Orleans, Louisiana, is now insured by the Metropolitan Life Insurance Company under Policy Number 3981981-A which policy provides, among other things, for the payment of disability benefits in the event of the total and permanent disability of the insured as defined therein, and
"Whereas, said policy was issued on June 2, 1924, in the principal sum of $10,000.00, at age forty, upon the application of the insured in which he set forth, among other things, that he was born at Polizzi Generosa, Italy, on January 11, 1884, and
"Whereas, the said Company has heretofore recognized a claim by the insured for a condition of total and permanent disability and has been paying disability benefits in accordance with the terms of said policy and upon the basis of the face amount as issued, and
"Whereas, a controversy has lately arisen between the said insured and the said Company respecting the true age of the insured and the Company has been informed that the insured, in making an application for naturalization to the United States Government, stated in his application therefor and under oath that he was born in Polizzi, Italy, on January 11, 1881, and not on January 11, 1884, as stated in the application for the above mentioned policy of insurance, and the insured has been unable to satisfactorily *Page 875 
establish that the date of his birth is other than January 11, 1881, and
"Whereas, the above mentioned policy, if issued on the basis of a date of birth of January 11, 1881, would have been issued in the principal amount of $9243.74 instead of $10,000.00, and the monthly disability benefits payable thereunder would have been $92.44 instead $100.00, and
"Whereas, the said Company claims, because of this misstatement of age, that the face amount of the policy should be $9243.74 and claims also that there has been an overpayment of disability benefits to the insured in the total amount of $778.68, and has been considering the institution of legal proceedings to reform the policy contract, and to recover said overpayment, and
"Whereas, the insured and his wife Johanna Misuraca do hereby acknowledge such overpayment and agree to a reduction in the face amount of the policy to $9243.74 and do hereby agree that they are indebted to the Company in the amount of $778.68 by reason of said overpayment and are willing to have the said amount liquidated in accordance with plan stated below,
"Now, Therefore, in consideration of the forbearance by the Company from proceeding at law to recover the overpayment and to reform the policy as aforesaid, it is agreed by Adolph G. Misuraca and Johanna Misuraca, his wife, as beneficiary, as follows:
"(1) That pending submission by the insured of documentary evidence satisfactory to the Company that the date of the insured's birth is other than January 11, 1881, that date shall be and hereby is accepted *Page 876 
by them and by the Company as the correct date of birth for all policy purposes and the amount of insurance afforded under Policy Number 3981981-A is agreed to be $9243.74, instead of $10,000.
"(2) That the aforesaid overpayment heretofore made by the Company to the insured in the amount of $778.68 shall be repaid, and liquidated in monthly installments, and the insured hereby directs the Insurance Company to deduct monthly the sum of $32.44 from the monthly sum of $92.44 payable to him as a monthly disability benefit under said policy during such period of time as he is and remains totally and permanently disabled within the terms of the policy, such sum of $32.44 to be deducted monthly until the entire sum of $778.68 has been liquidated and paid, it being understood and agreed by the Company that when said sum has been liquidated, future disability benefits will be payable thereafter at the rate of $92.44 monthly without deduction.
"(3) That if the said insured dies before the entire sum of $778.68 has been fully repaid, the unpaid balance thereof shall be deducted by the Insurance Company from such proceeds as are due and payable under said policy.
"(4) That the insured will not, during his lifetime, change the beneficiary of the aforesaid policy from Johanna Misuraca, his wife.
"In Witness Whereof we have hereunto set our hand and affixed our seals this 26th day of March, 1937.
"Adolph Misuraca (L.S.)
"Johanna Misuraca (L.S.)" *Page 877 
The foregoing contract is free from ambiguity and speaks for itself. At the time the insurance company discovered that the date of birth given in the application for insurance differed from the statement under oath to the United States Department of Labor in the application for naturalization, the plaintiff was faced with the choice of either litigating a suit to reform the policy and have his monthly payments stopped until the alleged overpayments to him had been fully liquidated or entering into an agreement whereby, in making certain concessions, he would avoid litigation and be able to liquidate his indebtedness to the company in small monthly payments. He chose the latter course and he cannot now retract from his solemn obligation, in absence of fraud, duress or error of fact. He was represented by competent counsel and his action in signing the agreement was brought about after due deliberation on his part.
It is our opinion that the agreement falls squarely within the definition of a compromise as set forth in Article 3071 of the Revised Civil Code as follows:
"A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which everyone of them prefers to the hope of gaining, balanced by the danger of losing. * * *"
Counsel for plaintiff, however, maintain that there is no consideration to support the agreement because the insured *Page 878 
acceded to all of the company's contentions whereas the latter sacrificed nothing of consequence in return for his concessions.
Counsel are in error in their postulation. The company, when it discovered what it believed to be a misstatement of age by the insured, could not only have brought suit to reform the policy but could have undoubtedly stopped future payments of monthly benefits until the $778.68 alleged overpayments were fully liquidated. In this situation, the plaintiff, in order to avoid such a consequence, made the agreement whereby he was able to receive substantial monthly payments and, at the same time, avoid the threatened litigation. The fact that he conceded that the company was correct in its assertion that he had misstated his age is of no importance. The forbearance by the company from bringing a suit against him coupled with its agreement to permit him to liquidate the overpayments in small installments were wholly sufficient as a consideration to support the validity of the transaction.
Counsel for plaintiff nevertheless argue that, even if the agreement be regarded as a compromise, it should be set aside because, under the jurisprudence of this State, there was no cause for a bona fide dispute between the parties. This contention is founded upon the premise that, since the insurance policy contained an incontestable clause, the company was without legal right to readjust the amount of insurance notwithstanding the misstatement of age and the presence of the age adjustment clause in the policy. *Page 879 
This proposition is not tenable because it is well settled that a compromise agreement cannot be rescinded for an error of law. Article 1846 of the Civil Code, Paragraph 2, provides:
"A contract, made for the purpose of avoiding litigation, can not be rescinded for error of law."
And Article 3078 declares:
"Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected."
See, also, Hill v. Hill, 173 La. 574, 138 So. 107; Sellwood v. Phillips, 185 La. 1045, 171 So. 440; Breard v. Pyramid Oil Gas Co., 191 La. 420, 185 So. 303, and Gregory v. Central Coal Coke Corp., 197 La. 95, 200 So. 832.
Counsel for plaintiff also insist that the compromise is unenforcible because it does not completely determine the rights of the parties with respect to the correct age of the insured. In support of this proposition, counsel direct our attention to the part of the agreement which provides:
"That pending submission by the insured of documentary evidence satisfactory to the Company that the date of the insured's birth is other than January 11, 1881, that date shall be and is hereby accepted by them and by the Company as the correct date of birth * * *." *Page 880 
Counsel proclaim that, since the insured had the right to submit documentary proof to show that his age had been correctly stated in his insurance application, a complete settlement has not been attained and that the question of the correct age of the insured is left open to judicial pronouncement. Reliance is placed upon the cases of Johnson v. National Casualty Co., La.App., 176 So. 235, and Texas Creosoting Co. v. R.B. Tyler Co.,180 La. 535, 156 So. 814, to sustain this argument.
The point can not be maintained. The cases depended upon, together with Lampkins v. Vicksburg, S. P.R. Co., 42 La.Ann. 997, 8 So. 530, and Francois v. Maison Blanche Realty Co.,134 La. 215, 63 So. 880, Ann.Cas. 1916B, 451, are authority only for the proposition that a compromise, in order to be enforcible must be perfect and complete in itself and must not leave anything for ascertainment by parol proof. In other words, these cases merely sustain the view that, if the court is required to receive parol evidence in order to determine whether the agreement is one of compromise or not, then it cannot be regarded as a compromise because the writing evidencing it does not show on its face the true intention of the parties. No such situation appears in the agreement under consideration. The parties have declared, in no uncertain terms, that for the purpose of the transaction the correct date of the insured's birth is January 11, 1881, and the payments under the policy are adjusted accordingly. The mere fact that the insurance company was willing to permit *Page 881 
another adjustment in the event the plaintiff could show, by documentary evidence, that the date of birth agreed upon was incorrect neither destroys its validity as a compromise nor renders it incomplete or uncertain with respect to the intention of the parties.
Moreover, it is clear that, even though the agreement had not provided for a reconsideration of the rights of the plaintiff in the event he could prove that the date of his birth was other than that agreed upon, he would have had the legal right to set aside the compromise because of an error of fact. A compromise may always be rescinded on that ground. Hence, the provision in the compromise settlement that plaintiff would be entitled to submit contradictory documentary proof to establish that the date of his birth was other than that agreed upon added nothing to the right of which he was possessed as a matter of law.
Since we are of the opinion that the agreement of March 26, 1937, is a valid compromise, it operates as a complete bar to plaintiff's suit unless it be that he was mistaken as to the true date of his birth and has shown by a preponderance of evidence that he was born on the date stated in his application for the insurance. The District Judge resolved this question of fact against the plaintiff and held that, under the evidence, the date of birth set forth in the compromise agreement was correct.
A review of the record has been ample to convince us that the Court below was right in its conclusion on this question of *Page 882 
fact and we find it unnecessary to discuss the evidence submitted by the plaintiff in detail.
For the reasons assigned, the judgment appealed from is affirmed.