LOTTINGER, Judge.
Petitioner, Gerald F. Poole, filed suit against his insurance carrier, Home Insurance Company, for alleged damages to his boat in the sum of $1,275.50. The defendant filed exceptions of no right or cause of action and filed a plea of prescription. The exceptions were maintained by the Lower Court and petitioner’s suit was dismissed. Petitioner has taken this appeal.
The petition alleges that petitioner’s boat was damaged on or about the 22nd day of January, 1952. Subsequently thereto, petitioner submitted his proof of loss to his insurer, the defendant herein, in the sum of $328.75. The defendant paid this claim in full on April 17, 1952. On or about the 1st day of July, 1952, petitioner discovered that further damages had been caused the motor of his boat and now seeks an additional sum of $1,275.50 from his insurer, alleging that the additional damages were a result of the same accident.
The proof of loss which was submitted to defendant, and which was paid in full provides as follows:
“The insured agrees to accept in full payment, satisfaction and compromise of all claims under the said policy by reason of the said loss or damage the sum of Three Hundred Twenty-Eight and 75/100 Dollars $328.75.”
Defendant’s draft, dated' April 17, 1952, was given petitioner in payment of the claim alleged in his proof of loss. On the. rear of the said check, immediately above the endorsement of petitioner, appears the following wording: -■
*387 “In consideration of the sum hereby paid, all claims and demands whatsoever against the Home Insurance Company, New York, under this policy by reason of the within mentioned claim for loss and damage, are released, settled and forever discharged. And the said company is hereby sub-rogated in and to all such claims and demands of the undersigned to the extent of the amount paid by this draft.”
The original insurance policy was attached to and made a part of petitioner’s petition. The said policy provides as follows :
“In case of loss, such loss to be paid in thirty days after proof of loss and proof of interest in the said yacht; all indebtedness of the Assured being first deducted.
“No suit or action on this policy or for the recovery of any claim hereunder shall be sustainable in any court of law or equity unless commenced within twelve (12) months next after the happening of the loss; provided that where such limitation of time is prohibited by the laws of the State wherein this policy is issued, then and in that event no suit or action under this policy shall be sustainable unless commenced within the shortest limitation permitted under the laws of such State.”
The laws of our state, relative to Insurance and Insurance Contracts, are found in LSA-R.S. 22:1 through 22:1459. LSA-I.S. 22:629 provides, in part as follows:
“A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement:
******
“(3) Limiting right of action against the insurer to a period of less than one year from the time when the cause of action accrues in connection with all insurances unless otherwise specifically provided in this. 'Code. * * * ”
In Finkelstein v. American Ins. Co. of Newark, N. J., 222 La. 516, 62 So.2d 820, 823, the Supreme Court was faced with a similar clause in a fire and windstorrfi insurance policy. In that case the loss occurred twelve months and eight days prior to the date on which suit was filed.' As the policy contained a twelve month limitation clause, the defendant filed a plea of prescription. The insurance contract provided that the assured should have a period of sixty days in which to file his proof of loss, and that the insurance company! would have a period of sixty days in which to pay after receiving the proof of loss. The Court, therefore, overruled the plea of prescription holding that “the twelve month limitation clause in the policy begins to run after the plaintiff’s cause of action has accrued by the provisions of the policy, that is, sixty days after ascertainment of the loss either by agreement or by an award made by appraisers as provided for in the policy in case the parties fail to agree.” In other words, in the Finkelstein case, the Court held that the 12 month limitation period did not commence to run until sixty days after the occurrence of the loss, which delay was granted the insurer by the terms of the policy.
There is a similar delay granted under the provisions of the policy presently before us. However, the delay mentioned therein is the thirty days allowed the insurance company to pay after receipt of the proof of loss. Such a clause has been interpreted as meaning that suit on the insurance contract cannot be commenced during the delay period. Finkelstein v. American Ins. Co. of Newark, N. J., supra; and Gauche v. London & L. Ins. Co., C.C., 1881, 10 F. 347.
However, the facts as. presented in the Finkelstein case are different to- those of the present suit. In the Finkelstein case no payment of damages were made by the insurance company, whereas, in the present suit payment of all damages claimed in the petitioner’s proof of loss was made. *388 In the present suit-the accident to petitioner’s boat occurred on or about January 22, 1952. On April IQ, 1952, the petitioner executed his Proof of Loss before a Notary, Public. Full, and presumably final, payment of the loss was made by the defendant insurance company by check dated April 17, 1952, which check was endorsed and cashed by the petitioner. The present suit was filed on May 8, 1953. In view of the fact that full payment of the proof of loss was made on April 17, 1952, we feel that the 12 month,prescription, as provided in the policy, commenced to run on the said date. Once payment of the full amount of the proof of loss was made, the remainder of the thirty day delay period was rendered nugatory, and .the prescriptive period commenced. What reason would there be for holding that the thirty day delay period would still have to run after payment was made, which payment, at the time, was thought by the parties to- be a full and final payment of all damages. Had not this payment been made by the defendant, then, in accordance with the provisions of the insurance contract and the holding of the Finkelstein case, the thirty day delay period would have commenced to run on submission of the proof of loss,, and the twelve month limitation period would have commenced upon termination of the said delay period. However, as a payment of the proof of loss was made in this case, we are of the opinion that the twelve month limitation period commenced on payment of the proof of loss, and that, therefore, prescription had accrued prior to the filing of this suit.
The petitioner’s petition alleges that the compromise was made on an error of fact, and on this error of fact he bases his claim for the additional sum of damages in the amount of $1,275.50. He claims that the additional damages were not discovered until after the payment of his proof of loss, and that it was not possible to have discovered said damages until after payment of said proof of loss. On the said facts he bases his contention that the settlement was made upon an error of fact and that he should be allowed the additional damages. The defendant excepts to this contention on the grounds first that the settlement was complete and final, and second, that the petitioner has not tendered a return of the amount paid him, as is required by the jurisprudence of our state.
There is no question but that a contract might be rescinded for error or mistake of fact. Article 3079 of the LSA-Civil Code provides as follows:
“A transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute. It may likewise be rescinded in the cases where there exists fraud or violence.”
There was no fraud or violence alleged in petitioner’s petition. The. only error alleged was that the proof of loss did not show the additional damage to the motor because said damage was not discovered and could not be discovered until after payment of the proof of loss. The additional damages were discovered on or about July 1st, 1952.
For purposes of argument, let us assume that there was an error of fact involved herein. We next find that petitioner is not suing to set the contract of compromise aside, but is suing for additional damages. He has not tendered the return of the sum paid to the defendant. He is now asking this Court to allow him to retain the amount paid and to grant him an additional amount of damages, without setting aside the original compromise or tendering the return of said amount to the defendant.
A similar proposition was before the Supreme Court in Ackerman v. McShane, 43 La.Ann. 507, 9 So. 483. In that case, the plaintiff, as legatee of deceased, was sent into possession of the deceased’s share of a partnership. In order to settle the affairs of the partnership, the surviving partner paid the plaintiff the sum of $20,000 in full settlement of the testator’s interest. Shortly thereafter, the plaintiff brought suit for an additional amount of $9,000 on the grounds of fraud. Plaintiff did not allege tender of the amount re *389 ceived by her as one of the parties to the compromise. She sought the $9,000.00 as a balance due her in excess of the sum paid her in the contract of compromise. In that case the Supreme Court said:
“If the prayer were granted, the compromise alleged to be null on account of fraud would be given effect to, in so far as relates to the amount received by the plaintiff. ‘By fraud or dole a contract perishes.’ The fraud denounced cannot be limited, and a part selected of the contract to inure to plaintiff’s benefit. The alleged fraud, if proven, cannot be cured. The parties must be placed in the position they were before it was entered into. Instead, it is proposed to supplement the amount received by a sum equal to the alleged value of the property. The defrauded party, if defrauded, cannot be restored to his original rights in the manner proposed. Good pleading and regularity, which should characterize legal proceedings, require that in suits of this nature the party shall resort to an action in rescission, and that the amount received be tendered or deposited. In all such actions the party seeking relief must first offer to restore his adversary to the situation he was in before the contract. As long as the plaintiff retains the consideration, and does not offer to return the amount received, he is es-topped. Byrne v. [Hibernia Nat.] Bank, 31 La.Ann. 81. The allegations made are not reconcilable. To annul the contract, and recover $9,000 is the purpose of the suit. If the contract be annulled, the defendant would be without title to the property; and if judgment be rendered for the $9,000 he would add that amount to the $20,000 already paid on a contract alleged to be null. Another compromise would be substituted for the old, not sanctioned by practice and law. There are exceptions to the rule requiring tender; such, as for instance, when a liquidation is necessary to ascertain the respective rights of the parties. In the case at bar the issues are well defined and the amounts fixed. It therefore does not come within the exceptions. The exception of no cause of action was properly maintained.”
Although there was no fraud alleged in the present suit, the petitioner does allege an error of fact; Assuming such to exist we feel that under the Acker-man case, his right of action must fall. He must sue to rescind the original contract of compromise and tender the amount of compromise to defendant, as was required in the Ackerman case. The Ackerman case has been upheld in Beck v. Continental Casualty Co., La.App., 145 So. 810, and Davis v. Whatley, La.App., 175 So. 422.
For the reasons given above, we feel that the exceptions filed by defendant were well founded, and the judgment of the Lower Court, maintaining said exceptions, will be affirmed.
Judgment affirmed.