**LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant,**

v.

**Poley BELL, Appellee.**

No. 18462.

United States Court of Appeals
Fifth Circuit.

April 13, 1961.

Richard H. Switzer, Val Irion, Shreveport, La., Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, La., of counsel, for appellant.

Malcolm E. Lafarague, Shreveport, La., for appellee.

Before TUTTLE, Chief Judge, HUTCHESON, Circuit Judge, and CLAYTON, District Judge.

CLAYTON, District Judge.

This is an appeal from a judgment for plaintiff in a direct action personal injury damage suit which was filed against Lumbermens Mutual Casualty Company, appellant, carrier of the liability insurance policy in effect on the vehicle in which plaintiff was injured. There is presented for our disposition here only one decisive question. The defense to the suit in District Court, from which that question arises, was that Bell, appellee, had executed a release which barred prosecution of this suit. Bell's response was that the release was obtained by fraud, was without consideration and was signed, without Bell knowing what it was, along with a number of other papers having to do with a workmen's compensation matter which was being dealt with at the time the signature was obtained. Appellant by motion for summary judgment, motions for directed verdict at the close of plaintiff's evidence and at the close of all the evidence and by alternative motion for a new trial or judgment non obstante veredicto preserved for consideration here the question of the sufficiency of the evidence for submission of the validity of the release to the jury, and, the sufficiency of the evidence to support the verdict of the jury.

Appellant says that this release is a "transaction or compromise" [1] which has the force of a judgment under Louisiana law [2] and that the evidence did not meet the standards established in Louisiana cases necessary to overcome the force of a judgment [3].

Appellant also contends that the question of the validity vel non of the release should have been tried as a preliminary matter by the court and not concurrently with the trial on the merits to the jury, since, as appellant says, in Louisiana it is required that this be done. But, appellant's position, on this point, is not well taken, even if his view of Louisiana law is correct (which we need

---

1. "A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
   "This contract must be reduced into writing." LSA–Civil Code, Article 3071.

2. "Transactions have, between the interested parties, *a force equal to the authority of things adjudged.* They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected." LSA–Civil Code, Article 3078. (Emphasis added.)

3. "A transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute. It may likewise be rescinded in the cases where there exists fraud or violence." LSA–Civil Code, Article 3079.

not consider) since this is a procedural matter and is governed by federal law. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; Hicklin v. Edwards, 8 Cir., 1955, 226 F.2d 410.

■ And, there is in this record enough evidence, from the positive testimony of appellee, Bell, and circumstantially, to sustain the verdict of the jury. In fact, the evidence would justify findings on the part of the jury that Bell did not know what he was signing when his signature was obtained on the release; that his sole intention at that time was to effect a lump sum settlement of his workmen's compensation claim against Martin Timber Company; that he had no intention of making and did not make any settlement or compromise with appellant under the public liability insurance policy with which we are concerned, for the injuries and damage he received in the accident; that no consideration was paid to him for the execution of this release and that he did not know that such a release existed until after the filing of this suit.

■ The issue is not as narrow and legalistic as appellant contends in saying that only upon clear proof of fraud could the release be held invalid, and that no such clear proof is in this record. Even if we should say that there is not clear proof of fraud (which we do not) the verdict and judgment would still have to stand. Appellant overlooks the first sentence of the statute[3] upon which its appeal is based, "A transaction may be rescinded notwithstanding, whenever there exists an error in the person or *on the matter in dispute.* * * *" The testimony of appellee, Bell, alone would sustain a finding by the jury that an error "on the matter in dispute" occurred when Bell signed the release, since he said that he was not then concerned at all with the tort claim against appellant, but was exclusively concerned with the workmen's compensation claim aforementioned.

Thus there was, on Bell's part, if the jury believed him, at the very least, an error or mistake of fact "on the matter in dispute". Under the teachings of the cases from Louisiana, this is all that is necessary. Davis v. Whatley, La.App., 175 So. 422; Lervick v. White Top Cabs, La.App., 10 So.2d 67; Misuraca v. Metropolitan Life Insurance Co., 199 La. 867, 7 So.2d 167 and Poole v. Home Insurance Co., La.App., 75 So.2d 385.

We mention also that this case was submitted to the jury on instructions which were, on the question of the validity of the release, compatible with the views herein expressed and no objection was made thereto by appellant.

This case should be and is

Affirmed.