258 So.2d 603 (1972)
David TRASK
v.
Herbert M. LEWIS and Marathoa Insurance Co.
No. 8672.
Court of Appeal of Louisiana, First Circuit.
January 31, 1972.
Rehearing Denied March 22, 1972.
*604 Roy Maughan, Baton, Rouge, for appellant.
Ben Lightfoot, of Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for appellees.
Before LOTTINGER, SARTAIN, and ELLIS, JJ.
ELLIS, Judge:
David Trask suffered personal injuries and property damage when the taxicab he was operating was struck by an automobile owned and operated by Herbert M. Lewis, an uninsured motorist. This suit was filed by Mr. Trask against Mr. Lewis and Marathon Insurance Company, plaintiff's uninsured motorist insurer. Judgment was rendered in favor of plaintiff and against both defendants, in solido, for $240.52, the amount of plaintiff's medical expenses. Marathon was granted judgment on its third party demand against Mr. Lewis for the same amount. Plaintiff has appealed. Neither Mr. Lewis nor Marathon has appealed nor answered the appeal.
We are not presented with a question of liability. It is not disputed that Mr. Lewis's negligence in running a stop sign was the sole proximate cause of the accident. In the accident, which happened on August 24, 1968, plaintiff suffered a broken finger and abrasions of his right leg. His taxicab was damaged to the extent that it was inoperable.
On August 30, 1968, Mr. Lewis paid $100.00 to plaintiff, under disputed circumstances, and received from him the following document:
"this is a writing reciete that Herbert Mack Lewis had a wreck with Mrs. Davis Trock Saturday August 24, 1968, he agree to ecept a $100.00 Deduting insurance on his car. this date August 30, 1968. David Ray Trask."
Mr. Lewis testified that plaintiff had agreed not to sue him in return for the $100.00 payment, and for Mr. Lewis's promise to pay plaintiff's medical expenses and "to give him something on the side if I were able to." Plaintiff denied that any such agreement or compromise was reached.
Marathon denies liability under its policy because of the provision thereof which states that, if the insured releases the uninsured motorist from liability without the consent of the insurer, there shall be no coverage under the policy. Marathon claims that the payment of $100.00 to plaintiff by Mr. Lewis constituted a settlement of the property damage claim, and that having settled part of his claim plaintiff is precluded from bringing suit on the other part, since he has but one cause of action arising out of the accident.
The district judge agreed with the contention of Marathon, and disallowed plaintiff's claim for personal injuries. By stipulation *605 of the parties, judgment was rendered on both the main and third party demands for the amount of plaintiff's medical expenses.
We have no difficulty in concluding the document relied on by the defendants is not a compromise. It is true that parole evidence can be received to determine the intent of the parties to an agreement of compromise. Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961). However, it is also true that parole evidence may not be received to prove whether a writing is, in fact, a compromise. A writing evidencing a compromise must be complete in itself, and show within its four corners the intention of the parties to compromise their differences. It follows that a writing cannot be a compromise if the court must receive parole evidence in order to reach that conclusion. Johnson v. National Casualty Co., 176 So. 235 (La.App. 1 Cir. 1937); Misuraca v. Metropolitan Life Insurance Co., 199 La. 867, 7 So.2d 167 (1942).
The document relied on herein contains no such language, and is, in fact, characterized as a receipt. It therefore cannot constitute a compromise under Article 3071 of the Civil Code.
Defendant, however, relies on the rule expressed by us in the case of Thompson v. Kivett and Reel, Inc., 25 So.2d 124 (La.App. 1 Cir. 1946), in which we held that a plaintiff could not split his cause of action by receiving a settlement on one part of his claim and later on file suit on the other part. There can be no showing that plaintiff received "settlement" of one part of his claim in this case. "Settlement" must be equated with "compromise" and we have already held that no compromise was proven by the document offered in evidence. That document proves nothing more than payment by Lewis to the plaintiff of $100.00, which, standing alone, can not serve as a bar to this action.
As a result of the accident, plaintiff suffered a cortical fracture of the second metacarpal of the right index finger, and abrasions of the right leg. He was discharged by the treating physician on October 11, 1968, with his leg completely healed and the complete use of his right hand. Other physicians testified to a loss of 30% of the flexion of the right index finger as a result of the fracture. It is not shown that the injury or the residual disability interfered with his earning his livelihood as a cab driver. Plaintiff did testify that he had some difficulty in doing heavy work as a filling station attendant, but the medical testimony is to the effect that he should be able to do such work.
We think an award of $1,000.00 should compensate him for his injuries and his disability, which we believe to be minimal. Special damages totalling $240.52 were stipulated. Plaintiff has also claimed loss of income during the time his taxicab was out of service as a result of the accident. His evidence in this respect was entirely unsatisfactory, and furnishes no basis for an award. Neither has he shown with any certainty the length of time his cab was actually undergoing repairs.
For the foregoing reasons, the judgment appealed from is amended by increasing the judgment in favor of plaintiff and against defendants to $1,240.52. Since no appeals were taken by defendants and no answers filed by them, the judgment on the third party demand is final and cannot be changed by us. All costs are to be paid by defendants.
Amended and affirmed.