PONDER, Judge.
Plaintiff sued defendant on a $15,000.00 promissory note given in compromise settlement of a claim for defective merchandise. Defendants alleged a failure of consideration, and reconvened for $10,000.00 already paid plaintiff. Defendants appealed from the judgment in favor of the plaintiff for the full amount of the note.
Defendants contend the trial court erred in refusing to admit evidence of a failure of consideration and of a collateral oral agreement.
We affirm.
To avoid litigation, the parties entered into a settlement agreement of a dispute as to fitness and merchantability of antifreeze sold by defendant to plaintiffs. The pertinent parts said:
“RELEASE OF ALL CLAIMS”
FOR AND IN CONSIDERATION OF the sum of Ten Thousand and No/100 ($10,000.00) Dollars in cash; and Fifteen Thousand and No/100 ($15,000.00) Dollars, represented by a thirty-day note signed by Louisiana Oil and Refining Co., Inc., and endorsed personally by Edward W. McCrary, III, the receipt of which is hereby acknowledged, Herman J. Dow-ney & Sons, Birmingham, Alabama, and Roquemores, Inc., Orlando, Florida, do hereby release and forever discharge Louisiana Oil and Refining Co., Inc. and Edward W. McCrary, III, and officers, directors, and agents therein of each of the above from any and all actions, claims, damages, costs, expenses and any other claims of any nature on account of or growing out of the sale of Prestige Antifreeze during the fall of 1974.
It is understood that this settlement is a compromise and the payment is not to be construed as an admission of liability of the party or parties released . .”
When the defendants made no payment on the note, plaintiff filed suit.
At trial plaintiff introduced the note and the related settlement agreement, the authenticity of which was stipulated to by defendants. The pretrial order listed the following established facts:
“A) On February 3, 1975, defendant Louisiana Oil & Refining Company, Inc., made and executed and delivered to plaintiff a certain promissory note, of which plaintiff is the holder and owner, for the principal sum of $15,000, payable on demand to the order of plaintiff at Post Office Box 10096, Birmingham, Alabama, and stipulating to bear interest at the rate of 8% per annum from its date until paid, and providing that, in the event said note or interest thereon were not paid at its maturity and should be *423 placed in the hands of an attorney at law for collection or should be sued on, the maker would pay 25% additional of the amount of both principal and interest as attorney’s fees.
B) Said note is endorsed personally and individually by defendants Edward W. McCrary, III, and Henrietta Schoen (Mrs. Edward W., Ill) McCrary.
C) Said note remains unpaid.
D) For and in consideration of the sum of $10,000 in cash and the aforesaid note, plaintiff (and Roquemores, Inc.) granted defendants a release of their claims against defendants growing out of the sale of Prestige Antifreeze during the fall of 1974.”
Defendants then attempted to introduce evidence to show that the parties had entered into a collateral agreement, supplementing the original written compromise. The court refused to admit the evidence. Defendant then put the testimony in under an offer of proof.
Pretermitting the question of whether parol evidence was admissible “against or beyond what is contained in the Act,”[1] the evidence introduced under the offer of proof does not support defendants’ contention that plaintiff refused to allow the unsold antifreeze to be picked up. Mr. James S. Christie, a former employee of plaintiff, testified that Downey & Sons, Inc. would be delighted to have defendant pick up the merchandise, because they were having to pay storage charges. Further, defendants offered no testimony to show that they had ever made any attempt to pick up the merchandise.
Defendants also contend that parol evidence should be admissible to show failure of consideration on the plaintiff’s principal demand and to support their reconventional demand.
This contention is based upon the allegation that plaintiff has not returned the unsold antifreeze. The only consideration proved for the cash and note was the agreement by plaintiff to discharge defendant from all claims arising out of the sale of Prestige Antifreeze. The evidence does not show that plaintiff ever agreed, as consideration for the note, to return the unsold antifreeze.
The judgment of the trial court is therefore affirmed; defendants are cast with all costs.
AFFIRMED.

. LSA-C.C. Art. 2276. “Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.”
See also Trask v. Lewis, 258 So.2d 603 (1st Cir. 1972) in which this court said:
“It is true that parole evidence can be received to determine the intent of the parties to an agreement of compromise. Moak v. American Automobile Insurance Company, 242 La. 160, 134 So.2d 911 (1961). However, it is also true that parole evidence may not be received to prove whether a writing is, in fact, a compromise. A writing evidencing a compromise must be complete in itself, and show within its four corners the intention of the parties to compromise their differences.”